KATHLEEN L. BISHOP *v.* HOLY CROSS HOSPITAL OF SILVER SPRING ET AL.

[No. 584, September Term, 1979.]

*Decided February 8, 1980.*

The cause was argued before THOMPSON, COUCH and MACDANIEL, JJ.

Submitted on brief by *Melvin L. Schneider* and *James E. Davitt* for appellant.

*David A. Levin,* with whom was *Alan R. Siciliano* on the brief, for appellee Holy Cross Hospital. *Albert D. Brault,* with whom were *Brault, Graham, Scott & Brault* on the brief, for other appellee.

MACDANIEL, J., delivered the opinion of the Court.

The appellant, Kathleen L. Bishop, filed a Declaration in the Circuit Court for Montgomery County, alleging that certain acts by the appellees, Holy Cross Hospital of Silver Spring and John B. Umhau, Jr., were medical malpractice and that, as a proximate result of those acts, she sustained certain injuries. The appellant sought punitive damages in addition to compensatory damages.

Both appellees filed Motions Raising Preliminary Objections. They contended that the circuit court did not have jurisdiction to consider the appellant's claim because the appellant had failed to present her claim to the Health Claims Arbitration Office, as required by this State's Health Care Malpractice Claims Statute (§§ 3-2A-01 through 3-2A-09 of the Courts Article of the Annotated Code of Maryland). A hearing was held on April 11, 1979, and the trial judge sustained the motions.

For the purposes of this case, the applicable statutory sections are as follows. Section 3-2A-02 provides:

"§ 3-2A-02. *Exclusiveness of procedures.*

(a) *Claims and actions to which subtitle applicable. — All claims,* suits, and actions, including cross claims, third-party claims, and actions under Title 3 Subtitle 9 of this article, by a

person against a health care provider for medical injury allegedly suffered by the person in which damages of more than $5,000 are sought are subject to and shall be governed by the provisions of this subtitle. An action or suit of that type may not be brought or pursued in any court of this State except in accordance with this subtitle. An action in which damages of $5,000 or less are sought is not subject to the provisions of this subtitle." (Emphasis added.)

Section 3-2A-05 provides, in part:

"§ 3-2A-05. *Arbitration of claim.*

. . .

(d) *Determinations.* — The arbitration panel shall first determine the issue of liability with respect to a claim referred to it. If the arbitration panel determines that the health care provider is not liable to the claimant or claimants the award shall be in favor of the health care provider. If the arbitration panel determines that a health care provider is liable to the claimant or claimants, it shall then consider, assess, and apportion *appropriate damages* against one or more of the health care providers that it has found to be liable." (Emphasis added.)

Section 3-2A-06 provides for judicial review of any claims.

The appellant now argues that the trial court erred in ruling that it did not have jurisdiction over her claim. She contends that the Health Claims Arbitration Panel has no authority to award punitive damages and that, therefore, she had no adequate administrative remedy and was entitled to bring her suit directly in the circuit court. We disagree.

The principles of statutory construction which must guide us are clear. In *Greenbelt Consumer v. Acme Mkts.,* 272 Md. 222, 226 (1974), the Court of Appeals said:

". . . the cardinal rule requires that the legislative intent be discovered and carried out. This purpose must be discerned from the words the Legislature

chose to employ unless there exists an ambiguity or obscurity, in which case we need to look elsewhere. *M.T.A. v. Balto. Co. Revenue Auth.,* 267 Md. 687, 298 A.2d 413 (1973). . . ."

In *Attorney General v. Johnson,* 282 Md. 274, appeal dismissed, 439 U.S. 805 (1978), the Court of Appeals discussed the basic provisions of the Health Care Malpractice Claims Statute. The Court said at 279-80:

"The arbitration panel determines whether the health care provider is liable to the claimant and if so the extent of the damages, and incorporates in its award an assessment of costs, including arbitrators' fees, § 3-2A05 (d) & (e); if no party rejects the award, it becomes final and binding, is filed by the director with the appropriate circuit court, and when confirmed by that court constitutes a final judgment. § 3-2A05 (h). Neither party, however, is in any way bound to accept the award; it may be rejected for any reason within ninety days. § 3-2A06 (a). If a party desires to contest the decision of the panel, he must file an action in the appropriate court during the ninety-day period to nullify the award, § 3-2A06 (b) & (f), and jury trial may be elected by either party. § 3-2A06 (b). Any contention that an award should be vacated on the ground of corruption, fraud, partiality or the like, *see* Md. Code (1974), § 3-224 (b) (1)-(4) of the Courts Article, is to be decided by the court prior to trial. § 3-2A06 (c). Unless the award is thus vacated, it is admissible as evidence at the trial and presumed to be correct, with the burden of proving the contrary falling on the party rejecting it, § 3-2A06 (d); should the award be vacated, 'trial of the case shall proceed as if there had been no award.' § 3-2A06 (c). In addition, attorneys' fees are subjected to the approval respectively of the arbitration panel and the court. § 3-2A07." (Footnotes omitted.)

As the Court of Appeals noted at 282 Md. 307-08 and

312-13, *supra,* the apparent purpose of the legislation was to encourage early settlement or voluntary dismissal of claims via the "screening" action of the nonbinding arbitration panel. Hopefully, this would reduce the cost of the claims and, consequently, the cost of medical malpractice insurance. *See also* "Medical Malpractice Reform: A Preliminary Analysis," 36 Md. L. Rev. 489 (1977).

We hold that, consistent with the above statutory purpose, the specific language of the Health Care Malpractice Claims statute permits the arbitration panel to award punitive, as well as compensatory, damages. The term "damages" when unmodified can include any type of damages, whether compensatory, punitive, nominal, or otherwise. *See* Black's Law Dictionary 351-52 (5th ed. 1979). Thus, the plain meaning of the term "appropriate damages" in § 3-2A-05(d) is any type of damages which the arbitration panel, in its wisdom, chooses to award. In addition, the provision in § 3-2A-02 that "all claims" (in which damages of more than $5,000 are sought) are to be governed by the statute indicates that the term "appropriate damages" is to be given this broad meaning.

Because, therefore, the appellant has an adequate administrative remedy under the Health Care Malpractice Claims statute, she is required to exhaust this remedy, as required by the statute, before she may invoke the jurisdiction of the circuit court. *See Poe v. Baltimore City,* 241 Md. 303, 311 (1966).

*Judgment affirmed.*
*Costs to be paid by appellant.*