ARTHUR H. SCHWARTZ *v.* EROL L. LILLY ET UX.

[No. 256, September Term, 1982.]

*Decided December 9, 1982.*

The cause was argued before LOWE, BISHOP and GARRITY, JJ.

*David C. Barclay,* with whom were *George J. Goldsborough, Jr., William A. Franch* and *Goldsborough, Franch & Collett, P.A.* on the brief, for appellant.

*Ronald M. Naditch* for appellees.

GARRITY, J., delivered the opinion of the Court.

On March 27, 1981, the appellees, Erol L. Lilly and Nancy S. Lilly, filed a declaration in the Circuit Court for Anne Arundel County by which they sought damages in excess of $5,000.00 for alleged medical malpractice. The appellant, Dr. Arthur H. Schwartz, filed a motion raising preliminary objection on the grounds of lack of jurisdiction as to the subject matter because of the appellee's failure to file their claim first with the Health Claims Arbitration Office.

The circuit court heard counsel's arguments on October 14, 1981, and by an order filed on January 27, 1982, the court *denied* the appellant's motion and ordered that the proceedings be *transferred* to the Health Claims Arbitration Office for a hearing on the merits. On appeal, the appellant contends that the circuit court erred both in denying its motion and in transferring the case. We agree with the appellant's contentions and shall vacate the order of the circuit court.

## The Facts

The appellees allege in their declaration that on or about March 9, 1978, Mr. Lilly consulted the appellant concerning a problem with Mr. Lilly's left ear. The appellant, an ear, nose and throat specialist, performed surgery on the appellee on March 31, 1978. On April 4, 1978, Mr. Lilly learned that he would be deaf in his left ear. On Friday, March 27, 1981, the appellees filed a two-count declaration alleging the appellant's negligence and requesting a total of $600,000.00 in damages.

The appellant, as we have previously stated, responded to the appellees' declaration by filing a motion raising preliminary objection seeking dismissal of the appellees' action due to their failure to first file their claim with the Health Claims Arbitration Office (HCAO). The appellees conceded that their claim should have been initially filed with the HCAO, but asserted that the circuit court had jurisdiction over the claim and that it "should be transferred" to the HCAO.

At the close of the hearing, the hearing judge stated that he had found no authority for or against transferring the claim to the HCAO. By an order dated January 26, 1982, the circuit court denied the appellant's motion raising preliminary objection and transferred the proceedings to the HCAO.

## I. Circuit Court Jurisdiction

The jurisdiction of the circuit courts of Maryland is set forth at Md. Cts. & Jud. Proc. Code Ann. § 1-501 (1980 Repl. Vol.):

> The circuit courts are the highest common-law and equity courts of record exercising original jurisdiction within the State. Each has full common-law and equity powers and jurisdiction in all civil and criminal cases within its county, and all the additional powers and jurisdiction conferred by the Constitution and by law, *except where by law*

*jurisdiction has been limited or conferred exclusively upon another tribunal.* (Emphasis added).

As to claims in excess of $5,000.00 against health care providers, the General Assembly has specifically mandated an exclusive procedure that must be satisfied prior to filing an action for damages in circuit court.

The Health Care Malpractice Claims Act, (the Act) Md. Cts. & Jud. Proc. Code Ann. (1980 Repl. Vol.), § 3-2A-02 provides:

## Exclusiveness of Procedures

(a) *Claims and actions to which subtitle applicable.* — All claims, suits and actions, including cross claims, third-party claims and actions under Title 3 Subtitle 9 of this article, by a person against a health care provider for medical injury allegedly suffered by the person in which damages of more than $5,000 are sought are subject to and shall be governed by the provisions of this subtitle. An action or suit of that type *may not be brought or pursued in any court of this State except in accordance with this subtitle.* An action in which damages of $5,000 or less are sought is not subject to the provisions of this subtitle. (Emphasis added).

Md. Cts. & Jud. Proc. Code Ann. § 3-2A-04 (a) (1980 Repl. Vol. 1982 Cum. Supp.) expressly mandates that:

*Filing of claim and response.* — (1) A person having a claim against a health care provider for damage due to a medical injury *shall file his claim with the Director.* The Director shall cause a copy of the claim to be served upon the health care provider by the appropriate sheriff in accordance with the Maryland Rules. The health care provider shall file a response with the Director and serve a copy on the claimant and all other health care providers named therein within the time provided in the Maryland Rules for filing a responsive pleading to a decla-

ration. The claim and the response may include a statement that the matter in controversy falls within one or more particular recognized specialties. (Emphasis added).

The Court of Appeals has interpreted the mandatory language of § 3-2A-04 to require that "malpractice claims be submitted to nonbinding arbitration before suit may be filed". *Attorney General v. Johnson,* 282 Md. 274, 287, 385 A.2d 57, *appeal dismissed,* 439 U.S. 805 (1978), *Dennis v. Blanchfield,* 48 Md. App. 325, 428 A.2d 80 (1981), *modified,* 292 Md. 319, 438 A.2d 1330 (1982). Although a circuit court may eventually be called on to hear a major medical malpractice suit, initial jurisdiction exclusively belongs to the HCAO. Furthermore, the timely filing of such an action against a physician with the HCAO "shall be deemed the filing of an action" for the purpose of satisfying the statute of limitations. Md. Cts. & Jud. Proc. Code Ann. § 5-109.

The question of initial jurisdiction was more recently discussed by the Court in *Oxtoby v. McGowan,* 294 Md. 83, 447 A.2d 860, 864-865 (1982), wherein Judge Rodowsky stated:

> In our recital of the procedural background we have used the word "jurisdiction" because that was the term employed by the parties. The Act, however, does not take away the subject matter jurisdiction of a circuit court to hear and render judgments in cases involving claims which fall within the Act. "[This statute, which in essence requires that malpractice disputes be submitted to nonbinding arbitration" creates "*a condition precedent* to the institution of a court action. . . ." *Attorney General v. Johnson,* 282 Md. 274, 283-84, 385 A.2d 57, 63, *appeal dismissed,* 439 U.S. 805, 99 S.Ct. 60, 58 L.Ed.2d 97 (1978). But the General Assembly has forcefully expressed in § 3-2A-02 (a) its intent that this condition precedent be satisfied. ("An action or suit of that type may not be brought or pursued in

any court of this State except in accordance with this subtitle.") While an arbitration panel operating under the Act is not an administrative agency, *see Johnson, supra,* 282 Md. at 285, 385 A.2d at 63, the legislative mandate that the arbitration procedure under the Act be followed as a *precondition to invoking the general jurisdiction of a court* is analogous to the doctrine of exhaustion of administrative remedies. Where the General Assembly has provided a special form of remedy and has established a statutory procedure before an administrative agency for a special kind of case, a litigant must ordinarily pursue that form of remedy and not bypass the administrative official. *Prince George's County v. Blumberg,* 288 Md. 275, 418 A.2d 1155 (1980), *cert. denied,* 449 U.S. 1083, 101 S.Ct. 869, 66 L.Ed.2d 808 (1981). So strong is this public policy that *this Court will, sua sponte, vacate judgment and order an action dismissed* where the litigants have not followed the special statutory procedure. *See Secretary, Department of Human Resources v. Wilson,* 286 Md. 639, 409 A.2d 713 (1979); *Commission on Medical Discipline v. Bendler,* 280 Md. 326, 373 A.2d 1932 (1977). Compliance with the Act's precondition to court suit may not be avoided by express agreement of the parties or by mere oversight, at least prior to final judgment and final determination of all direct appeals. (Emphasis added).

The appellant relies on *Oxtoby* in his reply brief to support his proposition that the appellees' claim should have been dismissed by the circuit court. The appellees also cited *Oxtoby* at oral argument, not to deny the requirement of arbitration, but to support their contention that the circuit court had subject matter jurisdiction over their claim even prior to arbitration.[1]

---

1. In accordance with the holding in Oxtoby v. McGowan, supra, we do not here decide that the Legislature intended to divest the circuit court of

In a similar case, where a major medical malpractice claim was not first filed with the HCAO, this Court sustained a circuit court's granting of motions raising preliminary objections and the court's dismissal of the claim. *Bishop v. Holy Cross Hospital,* 44 Md. App. 688, 410 A.2d 630. (1980). The appellees attempt to distinguish *Bishop* by asserting that they are "not seeking to circumvent the statute, but rather are attempting to effectuate the mandatory arbitration", by requesting the claim to be transferred to the HCAO. In *Bishop, supra,* at 692, we held that the claimants were "required to exhaust" their administrative remedy as "required by the statute". That holding may not have clearly indicated to the appellees or the circuit court that an improperly filed claim must be dismissed rather than be preserved by transfer. Since *Oxtoby, supra,* however, there can be no further doubt that Maryland courts must "order an action dismissed where the litigants have not followed the special statutory procedure" prior to filing the action in a circuit court. The Circuit Court for Anne Arundel County was, therefore, in error, as a matter of law, in denying the appellant's motion raising preliminary objection on the grounds of jurisdiction.

## II. *Appellees' Motion to Dismiss Appeal*

On February 10, 1982, the appellant filed his order of appeal in this case. The record of the case was subsequently filed with this Court on or about April 13, 1982. Pursuant to Md. Rule 1036 (c), the appellees then had ten days to file a motion to dismiss the appeal if such motion was to be based on Md. Rule 1035 (b) (1) (appeal not allowed by law). The appellees filed such a motion, asserting that the appeal was not allowed by law in that the order appealed from was an interlocutory order from which an immediate appeal was not permitted. The appellees, however, did not file their motion

---

subject matter jurisdiction in cases involving claims which fall within the Act, but only whether the circuit court could exercise its general jurisdiction prior to satisfaction of the statutory precondition to filing the action. (See Pulley v. State, 287 Md. 406, 412 A.2d 1244 (1979) for discussion as to "fundamental jurisdiction").

to dismiss until August 5, 1982. This Court denied the motion as being untimely filed.

Undaunted by this Court's order denying their motion to dismiss, the appellees raised this issue again in their brief. We must again reject the appellees' attempt to have the appeal dismissed because by case law an appeal from an interlocutory order that exceeds the jurisdiction of the trial court may be maintained. *Waters v. Smith,* 277 Md. 189, 195-196, 352 A.2d 793 (1976); *Scheve v. McPherson,* 44 Md. App. 398, 402 n.3, 408 A.2d 1071 (1979).

> *Order vacated.*
> *Case remanded with instruction that the motion raising preliminary objection be granted.*
> *Costs to be paid by appellees.*