589 A.2d 529

**Barbara A. MAROUSEK**

v.

**Indu T. SAPRA.**

**No. 845, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

May 7, 1991.

John J. Sellinger, Rockville, for appellant.

James F. Rosner (Tricia D. O'Neill and Whiteford, Taylor & Preston, on the brief), Towson, for appellee.

Argued before BISHOP and ROBERT M. BELL, JJ., and LEONARD S. JACOBSON, Judge (Specially Assigned).

ROBERT M. BELL, Judge.

Four questions are presented on this appeal, by Barbara A. Marousek, appellant, from the judgment of the Circuit Court for Baltimore County dismissing, for lack of subject matter jurisdiction over the case, appellant's medical malpractice complaint against Indu T. Sapra, appellee. They are:

1. Did the Circuit Court err in ruling that it lacked subject matter jurisdiction over this action?

2. Is Dr. Sapra estopped to challenge the proceedings in Health Claims Arbitration and the jurisdiction of the circuit court by her election to waive arbitration?

3. Did the Health Claims Arbitration Office retain jurisdiction over the initial Health Care Malpractice Claim for the purposes of ruling on the "Motion for Reconsideration and to Correct Award"?

4. Is the claim barred by the principle of *res judicata?*

For the reasons to be set forth hereinafter, we agree with appellant; hence, we will reverse and remand to the circuit court for further proceedings.

Appellee performed an abdominal hysterectomy on appellant, who subsequently required additional surgery. Believing that the initial surgery was performed negligently, appellant filed a complaint against appellee, with the Health Claims Arbitration Office. She alleged that appellee's negligence in performing the abdominal hysterectomy caused her to develop a vesico-vaginal fistula, necessitating the additional surgery. Although she filed her claim on April 25, 1988, she did not file a certificate of qualified expert until July 29, 1988, 94 days later. Maryland Cts. & Jud. Proc.Code Ann., § 3–2A–04(b)(1) required the filing of such certificate be filed within 90 days of the date of the filing of the complaint.[1] Therefore, in addition to answering appellant's complaint, appellee moved to dismiss, citing appellant's failure timely to file the certificate.

The Panel Chairman, relying on *Robinson v. Pleet,* 76 Md.App. 173, 544 A.2d 1, *cert. denied,* 313 Md. 689, 548 A.2d 128 (1988), on February 9, 1989, granted appellee's

---

1. That section, on April 25, 1988, provided:

(b) *Filing of Certificate of qualified expert.*—Unless the sole issue in the claim is lack of informed consent:

(1) A claim filed after July 1, 1986, shall be dismissed, without prejudice, if the claimant fails to file a certificate of a qualified expert with the Director attesting to departure from standards of care, and that the departure from standards of care is the proximate cause of the alleged injury, within 90 days from the date of the complaint.

motion. *See* § 3–2A–05(c) ("The attorney member of the panel shall be chairman and he shall decide all prehearing procedures including issues relating to discovery and motions *in limine.*") Undaunted, on February 20, 1989, appellant filed a Motion for Reconsideration And To Correct Award, pursuant to § 3–2A–05(h).[2] After appellee had filed a memorandum in opposition to that Motion, but before the panel chairman had ruled, appellant, on April 5, 1989, gave notice of rejection of the award and filed an action to nullify, along with a complaint, in the Circuit Court for Baltimore County. *See* § 3–2A–06(b).

As she had done in the Health Claims Arbitration Office, and for the same reasons, appellee moved to dismiss appellant's complaint. In her opposition to the motion to dismiss, appellant requested either that the case proceed on the merits or that the court remand it to the Health Claims Arbitration Office for ruling on the motion for reconsideration. Following a hearing, on June 5, 1989, the court dismissed appellant's complaint. Thereafter, on July 1, 1989, appellant noted her appeal from that judgment to this Court.

On July 14, 1989, while appellant's appeal was pending, the panel chairman granted appellant's motion for reconsideration. In doing so, he relied on the recent amendment of § 3–2A–04(b) by Chapter 688, Laws 1989,[3] effective July 1,

---

**2.** Section 3–2A–05(h) provides:

*Application for modification or correction; request for reduction of damages.*—A party may apply to the arbitration panel to modify or correct an award as to liability, damages, or cost in accordance with § 3–222 of this article.

Section 3–222, in turn, provides:

(a) A party may apply to the arbitrators to modify or correct an award within 20 days after delivery of the award to the applicant.

**3.** As a result of the amendment, § 3–2A–04(b) provided:

1989. Appellee filed a motion with the Health Claims Arbitration Office asking the panel chairman to stay his ruling, arguing that he lacked jurisdiction to grant the Motion for Reconsideration. Satisfied with the ruling, appellant, on July 25, 1989, dismissed her appeal then pending in this Court. Our mandate was issued on July 26, 1989. Two days later, the panel chairman denied appellee's motion to stay.

Section 3–2A–06A, pertaining to waiver of arbitration, provides, in pertinent part:

(a) *In general.*—At any time before the hearing of a claim with the Health Claims Arbitration Office, the parties may agree mutually to waive arbitration of the claim, and the provisions of this subsection then shall govern all further proceedings on the claim.

(b) *Written election.*—(1) The claimant shall file with the Director a written election to waive arbitration which must be signed by all parties or their attorneys of record in the arbitration proceeding.

(2) After filing, the written election shall be mutually binding upon all parties.

---

(b) *Filing and service of certificate of qualified expert.*—Unless the sole issue in the claim is lack of informed consent:

\* \* \* \* \* \*

(1)(ii) In lieu of dismissing the claim, the panel chairman shall grant an extension of no more than 90 days for filing the certificate required by this paragraph, if:
1. The limitations period applicable to the claim has expired; and
2. The failure to file the certificate was neither wilful nor the result of gross negligence.

Section 2 of Ch. 688 provides that "this Act shall be construed only prospectively and may not be applied or interpreted to have any effect upon or application to any certificate of a qualified expert filed by a *defendant* in the Health Claims Arbitration Office prior to [July 1, 1989]." (Emphasis added) Pursuant to § 3–2A–04(b)(2), a defendant disputing liability and, wishing to avoid a finding in favor of a claimant, is required to file a certificate of qualified expert within 120 days of service of the claimant's certificate. It is to this requirement that the reference in Section 2 is directed.

*(c)* *Filing of election and complaint.*—(1) Within 60 days after filing the election to waive arbitration, the plaintiff shall file a complaint and a copy of the election to waive arbitration with the circuit court or United States District Court.

\* \* \* \* \* \*

Following the quashing of the writ of certiorari,[4] issued, pursuant to appellee's petition, by the Circuit Court for Baltimore County, the parties, pursuant to § 3–2A–06A(b), filed with the Director a written election to waive arbitration. Consistent with subsection (c), appellant then timely filed, in the circuit court, a complaint and a copy of the election to waive arbitration. In addition to an answer, appellee filed a motion to dismiss the complaint. In that motion, she argued that appellant's claim was barred by *res judicata,* appellant having previously filed an identical complaint in the circuit court, which dismissed it, and subsequently voluntarily dismissed her appeal from that judgment of dismissal. Appellee also argued that appellant's rejection of the initial arbitration award in favor of filing an action to nullify in the circuit court divested the Health Claims Arbitration Office of jurisdiction over that claim. Hence, she maintained that the panel chairman's reconsideration of the initial award pursuant to appellant's motion was ultra vires and of no effect.

---

4.  When the panel chairman granted appellant's motion for reconsideration and denied her motion to stay, appellee filed a Petition for Writ of Certiorari with the circuit court, alleging that "[i]t is beyond dispute that the Health Claims Arbitration Office lacks jurisdiction over HCA No. 88–121. The reason why the Health Claims Arbitration Office lacks jurisdiction is abundantly clear: Marousek's claim against Sapra has been fully and finally adjudicated and any other proceedings are barred by the doctrine of res judicata." Arguing that, since the Health Claims Arbitration Office had fundamental jurisdiction over the matter, which was not being challenged and, in any event, whether correct or incorrect, the panel chairman's ruling was reviewable by way of direct appeal, appellant moved to quash the writ. The court granted the motion to quash, ruling that "the issue of the doctrine of *res judicata* can be raised in future proceedings to review the arbitration proceedings."

The circuit court granted the motion to dismiss and it is from that judgment that appellant has appealed.

■ One of the critical issues on this appeal is whether, when he ruled on the motion for reconsideration, the panel chairman had jurisdiction to do so. Appellant maintains that he did, while appellee says he did not. In appellee's view, in fact, only this Court had jurisdiction over the case at that time.

Appellant's argument involves an interpretation of § 3–2A–06(a), which provides:

(a) *Rejection of award.*—A party may reject an award for any reason. A notice of rejection must be filed with the Director and the arbitration panel and served on the other parties or their counsel within 30 days after the award is served upon the rejecting party, or, *if a timely application for modification or correction has been filed within 10 days after a disposition of the application by the panel, whichever is greater.* (Emphasis added)

Section 3–2A–05(h) [5] provides:

(h) *Application for modification or correction; request for reduction of damages.*—A party may apply to the arbitration panel to modify or correct an award as to liability, damages, or costs in accordance with § 3–222 of this article....

Section 3–222, in turn, provides in pertinent part:

(a) *Application.*—A party may apply to the arbitrators to modify or correct an award within 20 days after the delivery of the award to the applicant.

\* \* \* \* \* \*

(c) *Grounds for modification.*—The arbitrators may modify or correct an award:

---

**5.** When appellant moved for modification, this section was codified as § 3–2A–05(g).

(1) On the grounds stated in § 3–223(b)(1), (2), or (3); or

(2) For the purpose of clarity.[6]

The grounds referred to in § 3–223(b) are if:

(1) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing, or property referred to in the award;

(2) The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

(3) The award is imperfect in a manner of form, not affecting the merits of the controversy.

Appellant argues that, since she filed her motion to modify within 20 days, as prescribed by § 3–222, and that, notwithstanding the filing of the motion to nullify the award, the motion remained pending, the Health Claims Arbitration Office never lost jurisdiction over the matter. She asserts that her action to nullify, her subsequent filing of a complaint in the circuit court, and her eventual dismissal of the pending appeal in the Court of Special Appeals were all premature actions, which could have no effect upon the jurisdiction of the Health Claims Arbitration Office over the matter. In effect, appellant analogizes the situation *sub judice* to that in which post trial motions are filed pursuant to Maryland Rules 2–534 and 2–535.

It is well settled that if a post trial motion, however titled, is filed within ten days of judgment, the trial court retains jurisdiction to dispose of it, notwithstanding that an appeal may have been noted. *Unnamed Attorney v. Attorney Grievance Commission*, 303 Md. 473, 486, 494 A.2d 940 (1985); *Sieck v. Sieck*, 66 Md.App. 37, 41–2, 502 A.2d 528 (1986). As the Court of Appeals said in *Makovi v. Sherwin–Williams Company*, 311 Md. 278, 283, 533 A.2d 1303

---

**6.** Section 3–222(b) requires written notice, stating that he or she has ten days to file any objection to the application to modify or correct award, be given to the opposing party. This provision is not at issue on this appeal.

(1987), "As a premature order of appeal is of no force and effect, and confers no jurisdiction on the appellate court, it obviously does not divest the trial court of jurisdiction to enter final judgment in the case."

Asserting that "arbitration is fundamentally different than the procedure for noting appeal," appellee disputes that the analogy works or that "the logic of the cases concerning the time for filing an appeal to this Court from a judgment of the circuit court [is] dispositive." Instead, she notes that no appeal was ever filed; hence, there could be no premature filing of an appeal. Furthermore, she says, because appellant's motion for modification was, in effect, a request for a stay, there is no basis for reconsideration. Proceeding from this premise, she suggests that appellant's voluntary act of filing an action to nullify divested the Health Claims Arbitration Office of jurisdiction.

We are satisfied and, therefore, hold, that jurisdiction over the award remained with the Health Claims Arbitration Office despite appellant's action to nullify and despite her subsequent appeal to this Court. It follows, therefore, that the panel chairman properly ruled on the motion for reconsideration. It follows further that the proceedings first initiated by appellant in the circuit court, as well as her appeal to this Court, were all premature. Their pendency, and even their resolution, thus had no effect upon the panel chairman's ruling.

Contrary to appellee's view, although obtaining judicial review of an arbitration award pursuant to § 3–2A–06 requires a different procedure than obtains in the case of an ordinary direct appeal, we think the analogy to cases in which post judgment motions are filed within ten days of judgment rendered by the court is true and, indeed, is dispositive of the jurisdictional issue. The two procedures are not identical, but their purpose is essentially the same. The goal of each is to ensure that the original tribunal's actions are subject to review. In that regard, it is significant that review can occur only after the initial tribunal has completed its work. In other words, there can be no review

until all of the actions required of the first tribunal have been taken.

In this case, until the arbitration panel has issued a final award, there is nothing for the circuit court to review. The effect of § 3–2A–06(a), considered in conjunction with § 3–2A–05(h) and § 3–222(a), like Rules 2–534 and 2–535, is to retain jurisdiction in the Health Claims Arbitration Office during the pendency of a timely filed motion for reconsideration. Because judicial review occurs only after that office has decided such motion and passed a final award, until that occurs, neither the circuit court, nor any other tribunal, has jurisdiction over the matter.

This is consistent with *Unnamed Attorney v. Attorney Grievance Commission* and *Sieck v. Sieck.* In both cases, the Court made clear that it is the pendency of a timely filed motion for revision of judgment that renders an appeal premature, whether filed by the party seeking revision or by his or her opponent. Indeed, in *Sieck,* the party who initially sought modification was the party that filed the appeal which the court found to be premature. And, like former Maryland Rule 1012d, present Rule 8–202(c), which was interpreted in *Unnamed Attorney* and *Sieck,* as extending the time for appeal when a timely filed motion for revision is filed, § 3–2A–06(a) specifically provides that "[i]f a timely application for modification or correction has been filed [, the appeal must be filed] within 10 days after a *disposition* of the application by the panel." (Emphasis added)

■ Appellee's contention that the motion for reconsideration did not contain adequate grounds is without merit. At this stage, we are concerned, not with the merits of the panel's ruling, but only with its jurisdiction to make it. As to that, as we have seen, that jurisdiction lay with the Health Claims Arbitration Office and, consequently, with the panel, to make the ruling.

■   The argument that the motion for modification was merely a motion for stay and, therefore, the Health Claims Arbitration Office was divested of jurisdiction when appellant filed the action to nullify, suffers from the same flaw. That argument addresses the propriety, not the power, of the Health Claims Arbitration Office, through the panel chairman, to act. *First Federated Commodity Trust v. Commission of Securities*, 272 Md. 329, 334, 322 A.2d 539 (1974); *Moore v. McAllister*, 216 Md. 497, 507, 141 A.2d 176 (1958); *Preissman v. City of Baltimore*, 64 Md.App. 552, 559–61, 497 A.2d 826 (1985). Indeed, it does not, in any way, undermine that office's *power* to act. The Health Claims Arbitration Office's jurisdiction exists as a condition precedent to that of the circuit court. *See Tranen v. Aziz*, 304 Md. 605, 612, 500 A.2d 636 (1985). Having acquired jurisdiction pursuant to the Health Claims Arbitration Act, it retained that jurisdiction until appellant's motion for reconsideration had been resolved. It was the circuit court that did not have the power, at the time it acted, to review appellant's action to nullify the arbitration award; the arbitration award in existence at that time was not final and, therefore, was not reviewable.

■   Our holding that the Health Claims Arbitration Office retained jurisdiction over the arbitration award until the panel chairman had ruled on the motion for modification does not end our inquiry. We still must consider the effect of appellee's joining with appellant to waive arbitration. Appellant argues that, as a result of that waiver, any actions or pleadings filed in the Health Claims Arbitration Office were rendered unreviewable, with the result that her action in the circuit court should have been considered without reference to the arbitration proceedings. Appellee, on the other hand, argues that the waiver was simply a way of getting the jurisdictional issue before the circuit court with the least expense.

Section 3–2A–02(a) [7] is addressed to the exclusivity of the arbitration procedure. It has been interpreted as placing initial jurisdiction of a medical malpractice claim in the Health Claims Arbitration Office, *Ralkey v. Minnesota Mining and Manufacturing Co.*, 63 Md.App. 515, 519, 492 A.2d 1358 (1985); *Schwartz v. Lilly*, 53 Md.App. 318, 322, 452 A.2d 1302 (1982); and as creating a condition precedent to the institution of a medical malpractice action in the circuit court. *Tranen v. Aziz*, 304 Md. 605, 612, 500 A.2d 636 (1985); *Reilly v. Newman*, 74 Md.App. 281, 289, 536 A.2d 1230, *modified*, 314 Md. 364, 550 A.2d 959 (1988).

Section 3–2A–06A does not answer the question and, in fact, does not even prescribe a specific time in which the waiver must be filed. Subsection (a) simply provides that the parties may mutually agree to waive arbitration "at any time before the hearing of a claim with the Health Claims Arbitration Office" and that, when they do so, "the provisions of this subsection then shall govern all further proceedings on the claim." The remainder of § 3–2A–06A relates to the requirement of filing a written election to waive arbitration, its binding effect on the parties, subsection (b), the timing of the filing of the election and the complaint in the circuit court, subsection (c), the requirement of serving a summons, and a copy of the complaint, on the attorney of record for all parties in the health claims arbitration proceeding, subsection (c)(2), and the effect of the failure timely to file the complaint. Subsection (c)(3). Subsections (d) and (e) pertain to the joinder of additional defendants and the applicability of § 3–2A–06(f) to cases in which arbitration has been waived. In short, none of the provisions directly addresses the effect of the waiver on the

---

7.  (a) *Claims and actions to which subtitle applicable.*—(1) All claims, suits, and actions, including cross claims, third-party claims, and actions under Subtitle 9 of this title, by a person against a health care provider for medical injury allegedly suffered by the person in which damages of more than the limit of the concurrent jurisdiction of the District Court are sought are subject to and shall be governed by the provisions of this subtitle.

reviewability of a pre-arbitration ruling by the panel chairman.

An action must be initiated in the Health Claims Arbitration Office, it cannot be filed initially in the circuit court. To initiate the proceedings, § 3–2A–04 requires the filing of a claim, subsection (a), and, as we have seen, a certificate of qualified expert, which must be filed with the Director within a specified time. Subsection (b). Section 3–2A–06A does not require that any pleadings be filed in the Health Claims Arbitration Office prior to the parties' election to waive arbitration. Conceivably, therefore, the parties could waive arbitration even before the claimant files his or her complaint in the Health Claims Arbitration Office. In such event, since there would have been none, not even filing of any pleadings, there would obviously be no need to review the arbitration proceedings. That is not the situation before us, however.

In this case, pleadings were filed and the timeliness of the filing of the certificate of a qualified expert was hotly contested, both in the arbitration proceedings and in the initial circuit court proceedings. The question, therefore, is whether a waiver of arbitration renders moot or, at least, unreviewable, the panel chairman's ruling concerning the timeliness of the certificate of qualified expert. Thus, while the section references the arbitration hearing, it makes clear that the waiver could occur at any time before that hearing, and, presumably, before any pleadings are filed, making the waiver of arbitration capable of effecting a waiver of *any and all* proceedings in the Health Claims Arbitration Office. Where, however, arbitration is waived before the hearing, but after there have been proceedings and pleadings have been filed, do the provisions concerning judicial review apply?

Judicial review of Health Claims Arbitration proceedings may be obtained pursuant to § 3–2A–06, upon a rejection of an award and the filing in the circuit court of an action to nullify award. That section is not applicable however, when arbitration does not go forward. Where there has been a

waiver of arbitration pursuant to § 3–2A–06A(a), only "the provisions of this subsection [§ 3–2A–06A(a)] then shall govern all further proceedings on the claim."[8] Thus, when arbitration has been waived pursuant to § 3–2A–06A, the reviewability of a pre-arbitration ruling by a panel chairman is determined solely by reference to that section. As we have previously noted, upon the written election being filed with the Director, the plaintiff, within 60 days thereafter, must file a complaint, along with a copy of the election, with the circuit court and serve it and a summons on the opposing side. Significantly, although there is explicit recognition that "the procedures of § 3–2A–06(f) . . . shall apply"[9] even when arbitration has been waived, as § 3–2A–06A contains no provision for challenging pre-arbitration rulings, and, indeed, does not even address the subject. There simply isn't any reservation in § 3–2A–06A of a right of review, by the circuit court, of any issues decided in the arbitration proceedings prior to the waiver. Nor does § 3–2A–06A contain a provision comparable to § 3–2A–06(c),[10] which requires a preliminary ruling before trial as to whether an award is proper. Section 3–2A–06A certainly does not provide that, as a condition precedent to

---

**8.** Although the word "subsection" is used, it is clear from the context that that reference is to the entire section, Waiver of Arbitration.

**9.** Those procedures relate to the itemization of certain damages and remittiturs.

**10.** (c) *Modification, correction, or vacation of award by court.*—An allegation that an award is improper because of any ground stated in § 3–223(b) or § 3–224(b)(1), (2), (3), or (4) or § 3–2A–05(h) of this article shall be made by preliminary motion, and shall be determined by the court without a jury prior to trial. Failure to raise such a defense by pretrial preliminary motion shall constitute a waiver of it. If the court finds that a condition stated in § 3–223(b) exists, or that the award was not appropriately modified in accordance with § 3–2A–05(h) of this subtitle, it shall modify or correct the award. If the rejecting party still desires to proceed with judicial review, the modified or corrected award shall be substituted for the original award. If the court finds that a condition stated in § 3–224(b)(1), (2), (3), or (4) exists, it shall vacate the award and trial of the case shall proceed as if there had been no award.

the filing of a complaint in the circuit court, after waiver, a certificate of qualified expert must be filed with the complaint. In short, with the exception of the necessity of filing the election of waiver with the court and § 3–2A–06(f) issues, the waiver of arbitration permits an action to be filed in the circuit court wholly apart from the arbitration proceedings.

JUDGMENT REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO BE PAID BY APPELLEE.