**Aaron ROTH, Plaintiff–Appellant,**

v.

**DIMENSIONS HEALTH CORPORATION, d/b/a Prince George's General Hospital and Medical Center; Joseph J. Colella, Jr., d/b/a Critical Care Associates; Peter M. Jamieson; Gabriel B. Jaffe; Benjamin Slivko, Defendants–Appellees.**

No. 91–2691.

United States Court of Appeals, Fourth Circuit.

April 15, 1993.

## TO THE HONORABLE CHIEF JUDGE AND JUDGES OF THE COURT OF APPEALS OF MARYLAND

### CERTIFICATION ORDER

Aaron Roth appeals from an order of the United States District Court for the District of Maryland dismissing this medical malpractice action brought against appellees Dimensions Health Corp. and certain other health care providers (collectively "the defendants"). The district court dismissed the action on the grounds that Roth had failed to comply with the provisions of the Maryland Health Claims Arbitration Act, Md.Cts. & Jud.Proc. Code Ann. §§ 3–2A–01 to 3–2A–09 (1989 Repl.Vol.) (the Act). The parties have agreed that the sole, dispositive issue in this appeal is one of Maryland law. It appearing to this court that the issue of Maryland law indeed controls this case, and that there exists no controlling precedent in the Court of Appeals of Maryland, we hereby request the judgment of the Maryland Court of Appeals, by certifying to it, pursuant to the Maryland Uniform Certification of Questions of Law Act, Md.Cts. & Jud.Proc.Code Ann. §§ 12–601 to 12–609 (1989 Repl.Vol.) (the Certification Act), the following question for determination.

The question of law to be answered is:

Whether the July 1, 1989 amendment to section 3–2A–04(b)(1) of the Act, 1989 Md. Laws Ch. 688, applies retroactively to claims filed and pending before the Maryland Health Claims Arbitration Office (the Arbitration Office) at the time of the amendment, specifically the claim filed in this case on November 19, 1988, or only prospectively, thus applying only to claims filed after July 1, 1989.

If the amendment is held to apply to the claim in this case, then the parties are agreed that Roth's claim falls within the revised section 3–2A–04(b)(1) and should be remanded to the district court and, ultimately, returned to the Arbitration Office for arbitration proceedings under the Act. (With commendable candor Appellees state in their brief "[a]ppellees concede that the 1989 amendments, if applicable, would not require dismissal." Brief p. 3–4.) See n. 3, *infra.* If the amendment is to be given only prospective application, then the district court properly dismissed Roth's suit for noncompliance with the Act.

As is required by section 12–603 of the Certification Act, we offer the following "statement of all facts relevant to the question certified showing fully the nature of the controversy in which the question arose." On November 19, 1988, Roth filed a medical malpractice claim in the Arbitration Office against the defendants. The claim alleged, *inter alia,* that the defendants' negligent failure to diagnose and treat Roth's medical condition and to administer properly a certain medication rendered Roth permanently and totally deaf.

Under the Maryland law applicable at that time, Roth was required to file in the Arbitration Office a certificate of a qualified expert within 90 days of the filing of the claim. Md.Cts. & Jud.Proc.Code Ann. § 3–2A–04(b)(1) (1984 Repl.Vol.) (1988 Cum.Supp.). Roth filed his certificate on April 14,[1] 1989,

---

1. The district court, in its memorandum opinion of September 9, 1991, states that Roth filed his certificate of qualified expert on April 14, 1991. *Roth v. Dimensions Health Corp.,* Civil No. N 91–1307, slip op. at 1 (D.Md. Sept. 9, 1991). Our reading of the record indicates that the certificate in fact was probably filed on April 4, 1991. This discrepancy seems irrelevant to the outcome of the case, however, as in either event the filing was either untimely under the pre-amendment Act or timely under the amended Act.

some 4½ months after he filed his claim.[2] At the time of this filing, section 3–2A–04(b) made no provision for the extension of the 90–day period for filing certificates.

The defendants then moved the Arbitration Office to dismiss Roth's claim for his failure to timely file the certificate of a qualified expert. While these motions were pending, the Maryland General Assembly amended section 3–2A–04(b)(1) to read as follows, with the added language italicized:

(b) *Filing and service of certificate of qualified expert.* Unless the sole issue in the claim is lack of informed consent:

(1)(i) *Except as provided in subparagraph (ii) of this paragraph,* a claim filed after July 1, 1986, shall be dismissed, without prejudice, if the claimant fails to file a certificate of a qualified expert with the Director attesting to departure from standards of care, and that the departure from standards of care is the proximate cause of the alleged injury, within 90 days from the date of the complaint. The claimant shall serve a copy of the certificate on all other parties to the claim or their attorneys of record in accordance with the Maryland Rules.

*(ii) In lieu of dismissing the claim, the panel chairman shall grant an extension of no more than 90 days for filing the certificate required by this paragraph, if:*

*1. The limitations period applicable to the claim has expired; and*

*2. The failure to file the certificate was neither willful nor the result of gross negligence.*

The amendments in question were approved by the Governor on May 25, 1989, and took effect on July 1, 1989. 1989 Md. Laws Ch. 688, § 3. On June 15, 1989, Roth moved the Arbitration Office to extend the time for filing the certificate under the newly-passed amendments.

The Arbitration Office granted the defendants' motion to dismiss by order dated May 29, 1990. The order dismissing the claim made no mention of the July 1989 amendments.[3]

Roth's next step was to file in the U.S. District Court for the District of Maryland a complaint alleging medical malpractice on the part of the same defendants as were named in the claim before the Arbitration Office.[4] The defendants moved to dismiss the complaint on the grounds that Roth had failed to timely file a certificate of merit in the Arbitration Office, and that the July amendments were intended to apply prospectively only, thus affording no relief to Roth.[5] Roth opposed the motion to dismiss and asked the district court to remand the case to the Arbitration Office with instructions to grant the 90–day extension added in section 3–2A–04(b)(1)(ii), thus making timely his filing of his certificate of a qualified expert.

The district court considered the retroactivity issue and agreed with the defendants, holding that the July amendments to section 3–2A–04(b)(1) applied only prospectively. The court accordingly granted the defendants' motion to dismiss by order dated September 9, 1991. This appeal followed.

The foregoing discussion frames the rather narrow issue of law that we seek to certify to

---

**2.** Failure of a claimant to timely file the certificate of qualified expert requires that the Arbitration Board dismiss the claim without prejudice, and compliance with the arbitration procedure of the Act is a prerequisite to recovery for medical malpractice in the State of Maryland. See *Robinson v. Pleet,* 76 Md.App. 173, 544 A.2d 1, cert. denied, 313 Md. 689, 548 A.2d 128 (1988).

**3.** We take this concession mentioned in Appellant's brief at 3–4 as a waiver of any argument that the prerequisites to extension found in section 3–2A–04(b)(1)(ii) were not satisfied. But, even were that not so, the dispositive nature of this reference would remain, the real question being whether to affirm the dismissal or remand to the Arbitration Office for further action.

**4.** Jurisdiction was proper in the district court under 28 U.S.C. § 1332, Roth being a citizen of New York, all defendants being citizens of Maryland, and there being an unchallenged allegation of damages in excess of $50,000. [App. 6, 8]

**5.** The Maryland Health Claims Arbitration Act has been held to be substantive law for purposes of the *Erie* doctrine, and thus compliance with that Act is a prerequisite for Roth to recover under Maryland law in this diversity action. See *Davison v. Sinai Hosp.,* 462 F.Supp. 778 (D.Md. 1978), affirmed, 617 F.2d 361 (4th Cir.1980); *Robinson v. Pleet, supra.*

the Maryland Court. We are aware of only one decision of the inferior Maryland courts on the subject. In *Marousek v. Sapra,* 87 Md.App. 205, 589 A.2d 529, cert. denied, 324 Md. 325, 597 A.2d 421 (1991), the Court of Special Appeals briefly discussed the meaning of section two of the amending act of July 1, 1989:

> Section 2 of Ch. 688 provides that 'this Act shall be construed only prospectively and may not be applied or interpreted to have any effect upon or application to any certificate of a qualified expert filed by a *defendant* in the Health Claims Arbitration Office prior to [July 1, 1989].' (Emphasis added) Pursuant to § 3–2A–04(b)(2), a defendant disputing liability and, wishing to avoid a finding in favor of a claimant, is required to file a certificate of qualified expert within 120 days of service of the claimant's certificate. It is to this requirement that the reference in Section 2 is directed.

*Marousek,* 589 A.2d at 531 n. 3. Thus, Roth argues that, as to the filing period for claimants' certificates of qualified expert, the July amendments apply to claims pending at the effective date of the amendments. However, the parties dispute the *Marousek* court's interpretation of the statute, as well as whether the foregoing language was essential to the court's decision. These questions are properly subject to the Court of Appeals of Maryland's review on certification, and thus we discuss them no further here.

Now, accepting the privileges of the Maryland Uniform Certification of Questions of Law Act, it is adjudged and

ORDERED that this court certify to the Court of Appeals of Maryland for answer the question currently pending on appeal before this court in this case as framed in the factual context present here, and it is further

ORDERED that our Clerk forward to the Court of Appeals of Maryland, under the official seal of this court, a copy of this order, together with the original or copies of all, or of any portion of, the record before this court in this suit as the Court of Appeals of Maryland may deem necessary to it in answering the question herein certified. The Clerk of the Court of Appeals of Maryland need sim-
ply notify the Clerk of our court of whatever the Court of Appeals of Maryland desires to be forwarded to it; and it is further

ORDERED that all fees and costs in the Court of Appeals of Maryland shall be equally divided between the parties.

This order is entered by a panel of this court consisting of WIDENER, Circuit Judge, SPROUSE, Senior Circuit Judge, and BLATT, Senior United States District Judge for the district of South Carolina, sitting by designation.

With the concurrences of Circuit Judge SPROUSE and Senior District Judge BLATT.