**Kenneth B. STANLEY Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CIV.A. 1:03CV187.**

United States District Court, N.D. West Virginia.

June 18, 2004.

Timothy R. Miley, Romano & Miley, Clarksburg, WV, for Kenneth B. Stanley, plaintiff.

Daniel W. Dickinson, Jr., AUSA, United States Attorney, Wheeling, WV, for USA, defendant.

## ORDER GRANTING MOTION TO DISMISS

KEELEY, District Judge.

This matter comes before the Court on the defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed on February 17, 2004. This motion is fully briefed and ripe for review. For the following reasons, the Court **GRANTS** the defendant's motion **WITHOUT PREJUDICE.**

### I. Procedural History

The plaintiff, Kenneth B. Stanley ("Stanley"), filed this civil action in this Court on August 25, 2003. In his complaint, he alleges that the defendant, the United States of America ("United States"), acting through certain employee healthcare practitioners, injured Stanley through negligence and deviation from the "standards of medical care." The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it is based on a federal question; to wit, it seeks relief under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA").

### II. Standard of Law

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must be dismissed, upon proper motion, if it fails to state a claim upon which relief can be granted. Nevertheless,

[A] motion to dismiss made under Rule 12(b)(6) should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering such a motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.

*Franks v. Ross,* 313 F.3d 184, 192 (4th Cir.2002).

### III. Analysis

The FTCA operates as a limited waiver of sovereign immunity for injury or loss caused by the negligent or wrongful act of a government employee acting within the scope of his or her employment. *Medina v. United States,* 259 F.3d 220, 223 (4th Cir.2001). It does not create new causes of action, but merely allows the United States to be sued and held liable in tort "in the same respect as a private person under the law of the place where the act occurred." *Id.* (citations omitted).

The United States seeks dismissal, alleging that W. Va.Code § 55–7B, which describes a cause of action for professional medical negligence, is the relevant West Virginia statute, and that Stanley has not met a mandatory prerequisite to filing suit under that provision. Specifically, it maintains that plaintiffs are required to serve a notice of claim and a screening certificate of merit before filing a claim for professional medical negligence. *See* W. Va. Code § 55–7B–6 (" § 55–7B–6" or the "pre-filing requirement"). That section provides in pertinent part:

**§ 55–7B–6. Prerequisites for filing an action against a health care provider; procedures; sanctions**

(a) Notwithstanding any other provision of this code, no person may file a medical professional liability action against

any health care provider without complying with the provisions of this section. (b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. Nothing in this subsection may be construed to limit the application of rule 15 of the rules of civil procedure.

W. Va.Code § 55–7B–6

■ Stanley does not claim to have served a notice of claim or a screening certificate of merit. Further, he concedes that compliance with § 55–7B–6 is manda-tory for actions brought in West Virginia state courts. Notwithstanding these concessions, he asserts that the provision does not apply to actions brought in federal court because the pre-filing requirement is a "procedural," not a "substantive" provision. *See Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) (holding that federal courts presiding over causes of action created by state law should apply state substantive law but federal procedural law).

Courts that have considered the issue have found that § 55–7B–6 is "substantive" and applies to actions brought in federal court. The United States provided the Court with unpublished opinions from both the Northern District of West Virginia and the Southern District of West Virginia, in which the courts dismissed medical malpractice claims because the plaintiffs failed to comply with § 55–7B–6. *See Allen v. Pendleton County Bd. of Educ.,* No. 2:03–74, slip op. at 3 (N.D.W.Va. Dec. 10, 2003); *Redden v. Pudue Pharma, L.P.,* slip op. at 19 (S.D.W.Va. Dec. 24, 2003).[1]

The Fourth Circuit has not addressed the specific issue of whether § 55–7B–6 is substantive or procedural, but it has held that similar statutes are "substantive." *See Roth v. Dimensions Health Corp.,* 992 F.2d 36 (4th Cir.1993). Although *Roth* does not discuss the rationale for treating such statutes as substantive law, the issue was fully analyzed in *Davison v. Sinai Hosp.,* 462 F.Supp. 778 (D.Md.1978). The Fourth Circuit affirmed *Davison* based on "the well-reasoned opinion of the district court." *Davison v. Sinai Hosp.,* 617 F.2d 361 (4th Cir.1980). The district court in *Davison* noted that *Hanna v. Plumer* had instructed courts to consider two policy

---

**1.** Although the courts in these cases did not discuss the reasoning behind their holdings, the opinions are useful because they address the specific West Virginia statutory provisions at issue in the case at bar.

considerations when deciding whether a given provision is "substantive" or "procedural": (1) The character or result of a litigation should not materially differ because the suit had been brought in a federal court; and (2) forum-shopping should be discouraged. *See* 462 F.Supp. at 780 (citing *Hanna*, 380 U.S. 460, 467, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965)).

Applying those considerations, the district court in *Davison* concluded: "It is clear that the character of litigation would differ drastically if plaintiffs in Maryland state courts were required to submit their claims to an arbitration panel prior to bringing suit and plaintiffs in this court were not." *Id.* Exempting plaintiffs in federal court from the pre-filing requirement at issue here would have the same impact. Thus, § 55–7B–6 must be considered "substantive" and applicable in federal court.

Stanley argues that the Court should disregard this precedent and instead follow what he characterizes as a contrary rule established in *Poindexter v. Bonsukan*, 145 F.Supp.2d 800 (E.D.Tex.2001). Although *Poindexter* is a well-reasoned decision, it is of limited utility in the case at bar because it involved a Texas statute that imposed special requirements on medical malpractice cases *after* filing.[2] Because the statute imposed an expert requirement after filing, the court in *Poindexter* had to determine whether it conflicted with Rule 26 of the Federal Rules of Civil Procedure ("Rule 26"), which governs expert witnesses in federal cases. Although the substantive/procedural line that courts are required to draw under *Erie* is often a complicated one, a court's analysis is substantially simplified when a state provision, however classified, conflicts with a Federal Rule of Civil Procedure. The Supreme Court has drawn a

clear line in such situations: Federal courts "are instructed to apply the federal rule" when faced with conflicting state laws and rules, regardless of whether those laws are formally deemed substantive or procedural. *Hanna*, 380 U.S. at 471, 85 S.Ct. 1136.

The statute at issue in this case imposes special requirements that must be met *before* a suit can be filed. Because Rule 26 only applies after an action is filed, there is no conflict between Rule 26 and § 55–7B–6. Accordingly, *Poindexter* does not alter the Court's conclusion that § 55–7B–6 is "substantive" and applies to suits in federal court.

■ As an alternative to his argument under *Poindexter*, Stanley maintains that there is another conflict at issue here: one between the state pre-filing requirement governed by § 55–7B–6 and the federal pre-filing requirement for FTCA cases governed by 28 U.S.C. § 2675(a). Under the regulations implementing the FTCA, the plaintiff is required to exhaust administrative remedies before filing suit in federal court, a requirement that can be met by filing a Standard Form 95. *See* 28 C.F.R. § 14.2. Stanley complied with this requirement. He claims that the federal pre-filing requirement displaces the state pre-filing requirement. The United States disagrees, arguing that the West Virginia pre-filing requirement is "substantive," and that it operates in addition to, rather than in conflict with, 28 U.S.C. § 2675(a).

As the Court has already concluded, the West Virginia pre-filing requirement is "substantive." Further, there is no conflict to be resolved between the federal and state pre-filing requirements. Although § 55–7B–6 is more demanding that 28 U.S.C. § 2675(a) and its implementing

---

**2.** The statute required plaintiffs in medical malpractice cases to file expert reports with

specified content no later than 180 days after the filing of their complaint.

regulations, there is nothing to prevent a plaintiff from complying with both requirements. *See Williams v. United States,* No. 4:01–23, 2001 U.S. Dist. Lexis 10454 (W.D.Mich. July 17, 2001) (holding that Michigan pre-certification requirement did not conflict with the federal pre-filing requirements). Furthermore, as the court noted in *Williams,* the pre-filing requirements of the FTCA serve a different purpose than state pre-filing requirements. *See Williams,* at *18. The state requirements are generally directed at limiting frivolous lawsuits while the federal requirement seeks to minimize costs by resolving claims through the administrative process. *Id.* (citing 28 C.F.R. § 14.6(a)).

## IV. Conclusion

Based on the foregoing discussion, Stanley was required to comply with § 55–7B–6. Because he failed to do so, he cannot satisfy a necessary prerequisite to maintaining a suit under § 55–7B. Accordingly, the Court **GRANTS** the United States' motion to dismiss **WITHOUT PREJUDICE**.

The Clerk is directed to transmit copies of this Order to counsel of record.