Mina Pourzand **VAKIL,** Appellant,

v.

**MAYO CLINIC** and **St. Mary's Hospital,** Appellees.

No. 88–5008.

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1989.

Decided June 23, 1989.

Mina Pourzand Vakil, pro se.

James H. O'Hagan, Minneapolis, Minn., for appellees.

Before McMILLIAN and FAGG, Circuit Judges, and HEANEY, Senior Circuit Judge.

PER CURIAM.

Mina Pourzand Vakil appeals from the district court's order granting summary judgment to the Mayo Clinic and St. Mary's Hospital in a medical malpractice claim on the basis of Pourzand Vakil's failure to file a proper Affidavit of Expert Review as required by Minn.Stat.Ann. § 145.682 (West 1989). We reverse and remand.

Pourzand Vakil filed this pro se diversity action against appellees in June 1987, alleging she received medical care at the Mayo Clinic for injuries to her neck and shoulder which she sustained in an automobile accident in March 1985, and was subsequently involuntarily committed to St. Mary's Hospital for psychiatric treatment. Pourzand Vakil claimed the treatment she received at the Mayo Clinic consisting of physical therapy, ultrasound, anti-inflammatory medication, and a transcutaneous electrical nerve stimulator (TENS) unit which was set at the "shock" level, constituted improper treatment for her injuries. She also claimed her Mayo Clinic doctor had an unauthorized conversation with an acquaintance of Pourzand Vakil about confidential medical information, resulting in an invasion of Pourzand Vakil's privacy.

Appellees twice sought a more definite statement. After Pourzand Vakil submitted two amended complaints, appellees answered with a general denial, and served Pourzand Vakil with a demand for the Affidavit of Expert Review required by Minn.

Stat. § 145.682. In response, Pourzand Vakil submitted an affidavit restating her version of the facts. She also submitted a copy of a doctor's letter stating that he believed she had thoracic outlet syndrome. Appellees moved for summary judgment on the ground that Pourzand Vakil failed to comply with the requirements of the statute.

The district court found Pourzand Vakil had failed to file the proper Affidavit of Expert Review and dismissed the malpractice claims for failure to comply with the statute. *Id.* at subd. 6. The district court did not address the claim of invasion of privacy. This appeal followed.

On appeal, Pourzand Vakil has submitted statements from two doctors stating she has thoracic outlet syndrome and recommending surgery. Pourzand Vakil argues that the testimony of an expert is not necessary in this case. She also argues the district court failed to rule on her invasion of privacy claim.

This court recently held in *Chizmadia v. Smiley's Point Clinic*, 873 F.2d 1163, 1165 (8th Cir.1989), that the applicability of this Minnesota statute is conditioned upon a finding that expert testimony is necessary to establish a prima facie case of malpractice. Here, as in *Chizmadia,* the district court did not determine whether an expert witness was necessary to establish a prima facie case of malpractice. Thus, we remand for the district court to make such a determination. On remand, the district court should also determine whether Pourzand Vakil has stated a cause of action for invasion of privacy under Minnesota law. *See Wenninger v. Muesing*, 307 Minn. 405, 411, 240 N.W.2d 333, 337 (1976).

Accordingly, we reverse and remand for such proceedings as the district court deems necessary to make these determinations.