Brian LOMBARDO, M.D.,
et al., Appellants,

v.

Kathleen SEYDOW–WEBER, as parent
and natural guardian of Lauren
Weber, a minor, Respondent.

No. C3–94–2190.

Court of Appeals of Minnesota.

March 7, 1995.

Review Denied April 27, 1995.

Kay Nord Hunt, Philip A. Cole, Lommen, Nelson, Cole & Stageberg, P.A., Minneapolis, for appellants.

James E. Speckmann, St. Paul, for respondent.

Considered and decided by SIMONETT, C.J., and KALITOWSKI and SHORT, JJ.

## OPINION

SHORT, Judge.

A trial court dismissed a medical malpractice case without prejudice under Minn. R.Civ.P. 41.01(b), despite noncompliance with the statutory requirement of serving affidavits of expert review and identification of expert witnesses. Appellants argue the trial court erred as a matter of law.

## FACTS

Lauren Weber was born on December 17, 1986 with injuries to the bridge of her nose, left nostril, and left eyelid. On November 1, 1993, Weber's mother consulted an attorney regarding a possible medical malpractice action for failure to detect fetal distress. The attorney told Weber's mother the statute of limitations would expire on December 16, 1993. This action was commenced on December 13 or 14, 1993. Because her investigation was not complete, Weber's attorney gave all defendants an extension of time in which to answer the complaint.

On February 22, 1994, Weber retained a different attorney. Weber's new counsel requested an additional ninety days to submit an affidavit of expert review and in exchange, offered defendants an indefinite extension of time to answer the complaint. On March 28 defendants rejected that request and demanded compliance with Minn.Stat. § 145.682, subd. 3 (1992). Defendants served and filed answers to the complaint.

On April 12, 1994, Weber moved for voluntary dismissal of the action without prejudice under Minn.R.Civ.P. 41.01(b). Defendants moved to dismiss with prejudice due to Weber's failure to comply with the affidavit requirements mandated by the statute. At the hearing on those motions, Weber did not assert that expert testimony was unnecessary to establish a prima facie case of medical negligence, or argue excusable neglect, or seek additional time to serve expert affidavits. The trial court concluded Minn. R.Civ.P. 41.01(b) supersedes Minn.Stat.

§ 145.682, subd. 6, and it dismissed Weber's case without prejudice.

## ISSUE

Can a plaintiff, in the absence of facts establishing excusable neglect, use Minn. R.Civ.P. 41.01(b) to avoid the consequences of Minn.Stat. § 145.682, subd. 6?

## ANALYSIS

A trial court exercises its discretion in deciding whether to dismiss a medical malpractice action for procedural irregularities. *Sorenson v. St. Paul Ramsey Medical Ctr.*, 457 N.W.2d 188, 190 (Minn.1990). However, statutory interpretation based on established facts is a question of law which we review de novo. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984). When the words of the statute are unambiguous, we must give effect to the plain meaning of the statute. *Feick v. State Farm Mut. Auto. Ins. Co.*, 307 N.W.2d 772, 775 (Minn.1981). If the statute is ambiguous, we must ascertain the legislature's intent. Minn.Stat. § 645.16 (1994); *Tuma v. Commissioner of Economic Sec.*, 386 N.W.2d 702, 706 (Minn.1986).

The primary purpose of Minn.Stat. § 145.682 (1992) is to eliminate nuisance malpractice suits. *Oslund v. United States*, 701 F.Supp. 710, 713 (D.Minn.1988); *Parker v. O'Phelan*, 414 N.W.2d 534, 537 (Minn.App. 1987), *aff'd*, 428 N.W.2d 361 (Minn.1988). The statute requires all persons who commence a medical malpractice action to file affidavits verifying that their allegations of malpractice are well founded. With the summons and complaint, a plaintiff must serve an affidavit of counsel stating that

the facts of the case have been reviewed by the plaintiff's attorney with an expert whose qualifications provide a reasonable expectation that the expert's opinions could be admissible at trial and that, in the opinion of this expert, one or more defendants deviated from the applicable standard of care and by that action caused injury to the plaintiff[.]

Minn.Stat. § 145.682, subds. 2(1) and 3(a). If expert review reasonably cannot be obtained

due to the statute of limitations, plaintiff has ninety days after commencement of the action in which to serve the affidavit of expert review. Minn.Stat. § 145.682, subd. 3(b). Within one hundred eighty days after commencement of the lawsuit, plaintiff must serve an affidavit signed by counsel and each expert which states

> the identity of each person whom plaintiff expects to call as an expert witness at trial to testify with respect to the issues of malpractice or causation, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

Minn.Stat. § 145.682, subd. 4(a).

These requirements must be met in all cases in which expert testimony is necessary to prove a prima facie case of medical malpractice. Minn.Stat. § 145.682, subd. 2; *Chizmadia v. Smiley's Point Clinic,* 873 F.2d 1163, 1165 (8th Cir.1989). The parties can agree to extensions of the statutory time limits, and the trial court may extend the time limits upon a showing of good cause. Minn.Stat. § 145.682, subd. 4(b); *see* Minn.R.Civ.P. 6.02 (court may extend statutory time limits where failure to act was result of excusable neglect); *Stern v. Dill,* 442 N.W.2d 322, 324 (Minn.1989) (Minn.Stat. § 145.682 must be read in conjunction with Minn.R.Civ.P. 6.02). However, the penalty for noncompliance with the statutory affidavit requirements is harsh.

> Failure to comply with subdivision 2, clause (1) [affidavit of expert review], within 60 days after demand for the affidavits results, upon motion, in mandatory dismissal with prejudice of each cause of action as to which expert testimony is necessary to establish a prima facie case.
>
> Failure to comply with subdivision 2, clause (2) [affidavit identifying experts], and subdivision 4 results, upon motion, in mandatory dismissal with prejudice of each cause of action as to which expert testimony is necessary to establish a prima facie case.

Minn.Stat. § 145.682, subd. 6.

The relevant facts are undisputed. The trial court heard the motion to dismiss six months after Weber's malpractice action was commenced. During that time, Weber failed to serve either affidavit, or to voluntarily dismiss the case prior to the running of the ninety-day statutory time period, or to obtain an extension from the trial court to comply with the statute. Weber argues that Minn. R.Civ.P. 41.01(b) permits dismissal without prejudice despite her refusal to submit the required affidavits because Minn.Stat. § 145.682, subd. 6 is superseded by court rules. *See* Minn.R.Civ.P. 81.01(c) (all statutes inconsistent with Rules of Civil Procedure are superseded insofar as they apply to pleading, practice, and procedure in the district court). The issue before us is whether the legislature, by enacting Minn.Stat. § 145.682, subd. 6 usurped the court's inherent powers to control procedural matters.

■ Minn.R.Civ.P. 41.01(b) provides:

> Except as provided in clause (a) of this rule, an action shall not be dismissed at plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper. * * * Unless otherwise specified in the order, a dismissal herein is without prejudice.

The Rules of Civil Procedure flow from the Supreme Court's inherent authority to regulate pleadings, practice, and forms in civil actions. Minn.Stat. § 480.051 (1992). However, court rules cannot abridge, enlarge, or modify the substantive rights of litigants. *Id.; State v. Johnson,* 514 N.W.2d 551, 553–54 (Minn.1994). Substantive statutes create, define, and regulate rights. *Stern,* 442 N.W.2d at 324 (quoting *Meagher v. Kavli,* 251 Minn. 477, 488, 88 N.W.2d 871, 879–80 (1958)). A statute that does not create a new cause of action or affect a defense is procedural. *State v. Johnson,* 514 N.W.2d 551, 555 (Minn.1994) (quoting *Strauch v. Superior Court,* 107 Cal.App.3d 45, 165 Cal.Rptr. 552, 555 (1980)).

■ Many statutes have both procedural and substantive aspects. For example, statutes of limitations are both procedural, in that they regulate when a party may file a lawsuit, and substantive, in that they are outcome determinative. *Id.* While the legislature creates law, it has no constitutional authority to modify or enact statutes that

overrule court rules of procedure. *Johnson,* 514 N.W.2d at 553–54. Creation of court procedure is purely a judicial function. *See* Maynard E. Pirsig & Randall M. Tietjen, *Court Procedure and the Separation of Powers in Minnesota,* 15 Wm. Mitchell L.Rev. 141, 182 (1989) (legislature should not function as separate and conflicting procedure-making body).

■ The time limits imposed under Minn. Stat. § 145.682 are procedural. *Stern,* 442 N.W.2d at 324. Unlike the plaintiff in *Stern,* however, Weber did not make a motion to extend the time in which to serve the required affidavits. Rather, Weber attempts to circumvent completely the statutory requirements by using Minn.R.Civ.P. 41.01(b). In the absence of excusable neglect, however, noncompliance with the affidavit requirements results in dismissal with prejudice. *See Bellecourt v. United States,* 994 F.2d 427, 431–32 (8th Cir.1993) (dismissing party's state medical malpractice claim for failing to establish excusable neglect or comply with Minn.Stat. § 145.682); *Vakil v. Mayo Clinic,* 878 F.2d 238, 239 (8th Cir.1989) (applying requirements of Minn.Stat. § 145.682); *Chizmadia,* 873 F.2d at 1165 (same).

While the timing requirements of Minn. Stat. § 145.682 are procedural in nature, the language requiring mandatory dismissal of malpractice claims regulates substantive rights, has a jurisdictional component, and can be outcome determinative. *See Oslund,* 701 F.Supp. at 714 (language requiring mandatory dismissal of claims has a jurisdictional component). We conclude Weber cannot use a court rule to circumvent a substantive provision of a statute. Our conclusion is consistent with foreign courts' interpretations of similar state statutes. *See, e.g., Schwartz v. Lilly,* 53 Md.App. 318, 452 A.2d 1302, 1305 (1982) (court has no jurisdiction to hear action where party failed to follow special statutory procedure); *Mahoney v. Doerhoff Surgical Servs.,* 807 S.W.2d 503, 510 (Mo.1991) (noncompliance with statutory affidavit requirement supports a determination under substantive law of medical malpractice that the petition is frivolous and cannot succeed).

Weber's failure to comply with Minn.Stat. § 145.682, subds. 2–4, in the absence of excusable neglect, results in mandatory dismissal with prejudice, terminating her medical malpractice claim. We note there is no suggestion that Weber can establish a prima facie case by means other than by presenting her own experts to testify. *Cf. Vakil,* 878 F.2d at 239 (Minn.Stat. § 145.682 applies only if court finds expert testimony necessary to establish prima facie case of malpractice); *Chizmadia,* 873 F.2d at 1164–65 (same). Weber's claim that doctors and hospital personnel failed to diagnose fetal distress during her labor is not the kind of case where the alleged negligence "speaks for itself" without expert medical opinion. *See Todd v. Eitel Hosp.,* 306 Minn. 254, 260, 237 N.W.2d 357, 361 (1975) (where conduct of physician involves complexities of pathological diagnosis, nonmedically-trained jurors are not competent to pass judgment without expert opinions).

## DECISION

Because Weber failed to serve either affidavit or to obtain a court extension of time in which to serve those affidavits, the trial court erred by dismissing Weber's case without prejudice. Weber has not alleged or established excusable neglect, and cannot rely on Minn.R.Civ.P. 41.01(b) to circumvent the affidavit requirements of Minn.Stat. § 145.682, subds. 2–4 or to avoid mandatory dismissal with prejudice, as required by Minn.Stat. § 145.682, subd. 6.

**Reversed.**