**Jonathan L. BJORKE, Appellant,**

v.

**MAYO CLINIC OF ROCHESTER, et al., Respondents.**

No. C8–97–1020.

Court of Appeals of Minnesota.

Feb. 10, 1998.

David L. Brehmer, Brehmer & Rosen, P.L.L.P., Bloomington, for appellant.

Leo Stern, Robin L. Preble, Fredrikson & Byron, P.A., Minneapolis, for respondents.

Considered and decided by DAVIES, P.J., and LANSING and HOLTAN,* JJ.

## OPINION

LANSING, Judge.

The district court dismissed this medical malpractice case with prejudice under Minn. Stat. § 145.682, subd. 6 (1996), for plaintiff's failure to provide a legally sufficient affidavit of expert identification. The plaintiff appeals the dismissal, arguing that the mandatory dismissal provisions do not apply when a plaintiff fails to provide only one of the two required affidavits and that his answers to interrogatories qualify as a legally sufficient expert identification affidavit.

## FACTS

Jonathan Bjorke was treated at St. Mary's Hospital in Rochester, Minnesota, for injuries sustained in a motorcycle accident. Bjorke claimed that he developed a serious staph infection because the hospital, Mayo Clinic, or Mayo Clinic's staff (collectively "the clinic") left an intravenous line in his arm too

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

long, resulting in permanent damage to his shoulder. Bjorke sued the clinic in late August 1996. Although the two-year statute of limitations had expired by the time the last defendant was served on September 6, 1996, the clinic used this date to determine compliance with the 180–day expert disclosure requirement of Minn.Stat. § 145.682 (1996) and did not raise the limitations bar.

Bjorke served the initial affidavit of expert review along with the summons and complaint, as required under Minn.Stat. § 145.682, subds. 2 and 3. On September 12, 1996, the clinic served interrogatories requesting information about the opinions of Bjorke's expert. After receiving Bjorke's responses on October 28, 1996, the clinic contacted his attorney to challenge the sufficiency of his answers. Bjorke's counsel agreed to provide more detailed answers by November 15, 1996. After sending three copies of a confirmation letter to Bjorke's attorney, the clinic received unsigned, amended answers via facsimile on January 6, 1997. On January 13, 1997, the clinic's counsel sent another letter to Bjorke's counsel outlining deficiencies in the amended responses. The clinic sent a second copy of this letter via certified mail on February 3, 1997.

The deadline for providing a legally sufficient expert identification affidavit was March 5, 1997. On March 14, 1997, the clinic moved to dismiss Bjorke's claims for failure to comply with Minn.Stat. § 145.682. At the motion hearing, Bjorke's counsel argued that: (1) dismissal under the statute was not appropriate because, at worst, Bjorke failed to provide only one of the required disclosures, not both; (2) his amended interrogatory responses met the disclosure requirements of Minn.Stat. § 145.682; and (3) any defects in the execution of the amended affidavits were due to "excusable neglect." Ruling from the bench, the district court granted the clinic's motion to dismiss Bjorke's claims for failure to provide the required expert disclosures.

## ISSUES

I. Does plaintiff's failure to provide either an expert review affidavit or an expert identification affidavit result in mandatory dismissal with prejudice under Minn.Stat. § 145.682, subd. 6?

II. Did the trial court abuse its discretion in ruling that Bjorke failed to provide a legally sufficient expert identification affidavit as required by Minn. Stat. § 145.682, subds. 2 and 4?

## ANALYSIS

### I

█ Statutory construction "is a question of law and subject to de novo review on appeal." *Sorenson v. St. Paul Ramsey Med. Ctr.*, 457 N.W.2d 188, 190 (Minn.1990) (citing *Doe v. State Bd. of Med. Examiners*, 435 N.W.2d 45, 48 (Minn.1989)). When a statute is unambiguous, the court must give effect to the plain meaning of the statute. *Lombardo v. Seydow–Weber*, 529 N.W.2d 702, 703 (Minn.App.1995) (citing *Feick v. State Farm Mut. Auto. Ins. Co.*, 307 N.W.2d 772, 775 (Minn.1981)). If the statute's text is ambiguous, the reviewing court must ascertain the legislature's intent. Minn.Stat. § 645.16 (1996).

Under Minn.Stat. § 145.682 (1996), plaintiffs' attorneys must provide two affidavits in medical malpractice actions requiring expert testimony. The first, the affidavit of expert review, must be served with the summons and complaint. Minn.Stat. § 145.682 subd. 2(1). The second, the expert identification affidavit, must be served within 180 days thereafter. Minn.Stat. § 145.682, subd. 2(2). Failure to comply with section 145.682 results in mandatory dismissal with prejudice unless the plaintiff can prove excusable neglect. Minn.Stat. § 145.682, subd. 6.

Bjorke takes the position that dismissal is mandatory only when the plaintiff fails to provide *both* required affidavits. Bjorke bases this argument on an imprecise reading of the statute, a reading that would require us to ignore the plain text of section 145.682.

█ Subdivision 2 states that plaintiffs must provide two required affidavits—the affidavit of expert review (the "clause 1" affidavit) and the expert identification affidavit (the "clause 2" affidavit). *Id.;* subd. 2. The requirements for the affidavit of expert re-

view appear in subdivision 3, while subdivision 4 outlines the requirements for the expert identification affidavit. *Id.,* subds. 3, 4. In two separate paragraphs, subdivision 6 outlines the penalty for failing to provide these affidavits. *Id.,* subd. 6. The first paragraph states that failure to provide the "clause 1" affidavit results in mandatory dismissal with prejudice. *Id.* Similarly, the second paragraph states that failure to provide the "clause 2" affidavit *and* failure to include the specific information set forth in subdivision 4 results in mandatory dismissal with prejudice:

> Failure to comply with subdivision 2, clause (1), within 60 days after demand for the affidavit results, upon motion, in mandatory dismissal with prejudice of each cause of action as to which expert testimony is necessary to establish a prima facie case.
>
> Failure to comply with subdivision 2, clause (2), and subdivision 4 results, upon motion, in mandatory dismissal with prejudice of each cause of action as to which expert testimony is necessary to establish a prima facie case.

Minn.Stat. § 145.682, subd. 6 (1996). We reject Bjorke's argument that the mandatory dismissal provisions apply only when a plaintiff fails to supply both affidavits. A plaintiff's failure to provide *either* the affidavit of expert review ("clause 1") affidavit *or* the expert identification ("clause 2") affidavit requires mandatory dismissal with prejudice.

## II

■ A district court's ruling on whether a plaintiff failed to comply with the mandatory disclosure requirements of Minn.Stat. § 145.682 is reviewed under an abuse of discretion standard. *Sorenson,* 457 N.W.2d at 190 (citing *Dennie v. Metropolitan Med. Ctr.,* 387 N.W.2d 401, 404 (Minn.1986)). A legally sufficient expert identification affidavit must list: (1) the identity of each expert witness who is expected to testify at trial regarding malpractice or causation; (2) the substance of the facts and opinions to which the expert is expected to testify; and (3) a summary of the grounds for each opinion. Minn.Stat. § 145.682, subd. 4. Plaintiffs may satisfy this requirement by providing answers to interrogatories "that state the information required by this subdivision." *Id.* The expert identification affidavit or substitute interrogatory responses must be signed by the plaintiff's attorney and each expert witness listed. *Id.*

■ To comply with the statute's requirements, Bjorke was obligated to provide an expert identification affidavit or interrogatory answers that contained "specific details concerning their expert's expected testimony, including the applicable standard of care, the acts or omissions that plaintiffs allege violated the standard of care and an outline of the chain of causation that allegedly resulted in damage to them." *Sorenson,* 457 N.W.2d at 193. It is not sufficient to repeat the facts in the medical records; instead, the affidavit must explain how the expert "will use those facts to arrive at opinions of malpractice and causation." *Id.* at 192; *see also Stroud v. Hennepin County Med. Ctr.,* 556 N.W.2d 552, 555–56 (Minn.1996) (reaffirming *Sorenson* ).

■ Bjorke contends that his answers to the clinic's interrogatories constitute a legally sufficient expert identification affidavit. But Bjorke failed to comply with the most essential disclosure requirement of subdivision 4— identification of the expert witness. In both his original and his amended answer to the clinic's interrogatory 13, which requested the identity and qualifications of his expert witnesses, Bjorke replied: *"Unknown at this time. Discovery and preparation is continuing. Defense will be notified of this information as it is obtained."* At the hearing on the clinic's motion to dismiss, Bjorke identified Dr. Robert Coates as his expert witness and argued that Dr. Coates was listed in his interrogatory responses. The district court rejected this argument, noting that Bjorke offered no proof that Dr. Coates had any relevant experience or that he had been designated as the expert witness within the 180–day period mandated by subdivision 2. The court dismissed Bjorke's claim with prejudice as required by subdivision 6.

On appeal, Bjorke argues that he provided the names of *two* expert physicians—Dr. Robert Coates and Dr. Leonard Able—in his

first response to interrogatory 15. He points to his amended answer to interrogatory 11, in which he states that his position was based "primarily" on information received from Dr. Robert Coates. He also claims that Dr. Coates' medical opinion "is quoted" in his amended answers to interrogatories 12 and 15. However, listing the names of a general practitioner and a chiropractor, without providing their qualifications and the substance of their testimony, does not meet the requirements set forth in subdivision 4. Moreover, Dr. Coates did not sign the amended interrogatories as required by subdivision 4.

Taken as a whole, Bjorke's interrogatory responses fall far short of the standard set forth in *Sorenson*. Even his amended interrogatory answers, prepared after respondents expressed concerns about the sufficiency of his original responses, provide few details concerning the expected testimony. For example, when asked to "describe in detail each negligent act or omission," Bjorke responded: *"The line was left in far too long, past standards of medical care."* When asked to describe in detail "each act * * * you or your experts claim should have been done in rendering medical care," Bjorke referred to an arterial line, rather than an I.V. line. Arterial lines are typically used to measure blood pressure and draw blood. *Tabor's Cyclopedic Medical Dictionary* 141 (16th ed.1989). To establish an "arterial line," a catheter is inserted into an artery. *Id.* An I.V. line is inserted within or into a vein. *Id.* at 936. This confusion suggests that Bjorke failed to obtain rudimentary assistance from medical experts. More significantly, apart from listing the seven medical treatises that Dr. Coates relied upon in formulating his opinion, Bjorke offered no tangible medical evidence for his assertion that his I.V. line should have been removed earlier.

## DECISION

Failure to provide either of the affidavits required by Minn.Stat. § 145.682 results in mandatory dismissal with prejudice. Bjorke's vague and conclusory responses to interrogatories did not satisfy the requirements for the expert identification (clause 2)

affidavit, and the district court did not abuse its discretion in dismissing Bjorke's medical malpractice claim with prejudice.

**Affirmed.**