STATE of Minnesota, Respondent,

v.

Terry Kim BREAUX, Appellant.

No. C0–00–309.

Court of Appeals of Minnesota.

Jan. 2, 2001.

Mike Hatch, Minnesota Attorney General; and Susan Gaertner, Ramsey County Attorney; and Jeanne L. Schleh, St. Paul, MN, (for respondent).

Frederick J. Goetz, Goetz Law Office, Minneapolis, MN, (for appellant).

Considered and decided by KLAPHAKE, Presiding Judge, HARTEN, Judge, and ANDERSON, Judge.

## OPINION

G. BARRY ANDERSON, Judge

Appellant Terry Kim Breaux was convicted of possession of a firearm by an ineligible person in violation of Minn.Stat. § 624.713, subd. 1(b) and subd. 2 (1998). Appellant claims he was prejudiced by a mid-trial in camera hearing held outside his presence. Appellant further challenges the court's ruling allowing the prosecutor to make a rebuttal argument pursuant to Minn.Stat. § 631.07 (Supp.1999). Finally, appellant asserts there was insufficient evidence to sustain his conviction. We affirm.

## FACTS

On August 2, 1999, St. Paul police officers responded to a domestic disturbance call at 311 West George Street, in St. Paul, where J.N. lived with her mother[1]. A female caller identified appellant as an ex-boyfriend in possession of a handgun in his waistband and reported he was walking east toward an apartment building at the

---

1. Also living in the house at the time were J.N.'s cousin, J.N.'s brother, the brother's girlfriend and their child.

end of the block. Officers responding to the call observed appellant walk into a nearby apartment building and into a first floor apartment in the building. Police followed appellant and found him in the apartment bathroom.

After searching appellant and finding no weapon, appellant and the officers were walking out of the apartment and into the entryway together when an officer noticed a rolled-up newspaper in a plastic delivery bag. The bag was approximately eye-level, adjacent to the wall on the sixth step of the stairway leading from the entryway up to the second floor apartments. There are only four apartments in the building.

The bag was examined and contained a silver .22 caliber handgun. Police seized the gun and arrested appellant. The state charged appellant with possession of a firearm by an ineligible person. As the police were preparing to leave the scene, J.N. turned over appellant's Newport cigarette box which contained five .22 caliber bullets.

At trial, J.N. testified that, from a distance of three or four feet, she saw appellant slide something silver, later presumed to be the handgun, under a sofa in her living room the night before the 911 call. She then saw appellant put the Newport cigarette box on a stand next to the television. At trial she identified the cigarette box as the one appellant left in her front room which she helped to find and then ultimately turned over to the police. J.N. further testified that appellant was the only person in her house who smoked Newport cigarettes.

Appellant would not tell J.N. what the silver object was and so she told him if it was something illegal to take it out of the house. Appellant, with his back to J.N., reached under the couch, grabbed the silver item, made a motion towards the front of his body and walked out the door. He was gone for a few hours and then returned to the house.

The following day appellant demanded the return of the Newport cigarette box which he had left in the living room. He looked for it but could not find it. J.N. testified that appellant got upset because the box could not be found. J.N.'s mother asked appellant to leave the house if he was going to be upset about the missing box. J.N. testified that appellant said "don't let me catch you outside" as he left the house. After leaving the house J.N. saw appellant momentarily in her backyard bushes before finally leaving.

J.N. testified that her cousin had put the cigarette box in another room. She and the cousin went to the front room where the cousin produced the Newport cigarette pack. After J.N. saw the bullets in the cigarette box, she told her mother and the decision was made to call the police

During cross-examination at trial, J.N., a prosecution witness, refused to provide the first name of the cousin. The district court called a recess and ordered the court reporter, the witness, and both counsel to retire to chambers for an in camera on-the-record discussion. Appellant remained in the courtroom. Appellant's counsel did not object to the defendant's absence from the conference.

In chambers the district court was unable to convince J.N. to answer the question. The court instead concluded it would be able to obtain the name from J.N.'s mother. Court then adjourned for the day. The following day, discussions continued outside the presence of the jury regarding what, if any, jury instruction should be given in light of J.N.'s refusal to give her cousin's name. Ultimately, nothing further was said to the jury regarding the matter by the district court, and the issue was not revisited in the testimony of any witnesses.

After the close of evidence, the prosecution requested automatic rebuttal pursuant to Minn.Stat. § 631.07 (Supp.1999). The court granted the request over appellant's objection that the statute violated the separation of powers doctrine, and was thus unconstitutional. The jury found appellant

guilty of possession of a firearm by an ineligible person. This appeal followed.

Respondent has also filed a motion to strike a portion of appellant's brief on the ground that it refers to matters outside the record on appeal.

## ISSUES

I. Is Minn.Stat. § 631.07 (Supp.1999) constitutional in light of its apparent conflict with Minn.R.Crim.P. 26.03, subd. 11?

II. Was appellant deprived of his right to be present at every stage of his trial?

III. Was the evidence sufficient to support the jury's guilty verdict?

## ANALYSIS

### I. The State's Right of Rebuttal

▪ The central issue in this case is the construction and application of Minn. Stat. § 631.07 (Supp.1999) in light of a conflicting provision found in Minn. R.Crim.P. 26.03, subd. 11. "In evaluating challenges to the constitutionality of statutes, this court recognizes that the interpretation of statutes is a question of law * * * ." *In re Blilie,* 494 N.W.2d 877, 881 (Minn.1993) (citation omitted). Accordingly, "this court 'is not bound by the lower court's conclusions.'" *Id.* (quoting *Sherek v. Independent Sch. Dist. No. 699,* 449 N.W.2d 434, 436 (Minn.1990)). Our review of this matter, however, is guided by principles of comity:

Due respect for the coequal branches of government requires the court to exercise great restraint before striking down a statute as unconstitutional, particularly when it involves a determination of what is a legislative and what is a judicial function.

*State v. Willis,* 332 N.W.2d 180, 184 (Minn. 1983).

▪ "Minnesota statutes are presumed constitutional, and our power to declare a statute unconstitutional should be exercised with extreme caution and only when absolutely necessary." *In re Haggerty,* 448 N.W.2d 363, 364 (Minn. 1989) (citation omitted). To successfully challenge a statute, a party must demonstrate "beyond a reasonable doubt a violation of some provision of the Minnesota Constitution." *Id.* (citation omitted).

Following the close of evidence in this case, the prosecution requested automatic rebuttal under revised Minn.Stat. § 631.07, and the court granted the request over appellant's objections. Minn.Stat. § 631.07 provides that:

When the giving of evidence is concluded in a criminal trial, unless the case is submitted on both sides without argument, the prosecution may make a closing argument to the jury. The defense may then make its closing argument to the jury. The prosecution shall then have the right to reply in rebuttal to the closing argument of the defense.

At the time this new statute took effect on August 1, 1999, Minn.R.Crim.P. 26.03, subd. 11 provided, in relevant part, the following:

h. At the conclusion of the evidence, the prosecution may make a closing argument to the jury.

i. The defendant may then make a closing argument to the jury.

j. On the motion of the prosecution, the court may permit the prosecution to reply in rebuttal if the court determines that the defense has made in its closing argument a misstatement of law or fact or a statement that is inflammatory or prejudicial. The rebuttal must be limited to a direct response to the misstatement of law or fact or the inflammatory or prejudicial statement.

Thus, Minn.Stat. § 631.07 modified the existing order of final argument and gave the prosecution the right of automatic rebuttal. After the 1999 legislature amended the statute, the supreme court invited comment by interested parties on the issue of prosecutor rebuttal argument. The supreme court subsequently issued an order

on February 11, 2000 amending Rule 26.03, subd. 11. The new rule provides as follows:

> h. At the conclusion of the evidence, the prosecution may make a closing argument to the jury.
>
> i. The defendant may then make a closing argument to the jury.
>
> j. The prosecution may then make a rebuttal argument to the defense closing argument. The rebuttal must be limited to a direct response to those matters raised in the defendant's closing argument.
>
> k. On the motion of the defendant, the court may permit the defendant to reply in surrebuttal if the court determines that the prosecution has made in its rebuttal argument a misstatement of law or fact or a statement that is inflammatory or prejudicial. The surrebuttal must be limited to a direct response to the misstatement of law or fact or the inflammatory or prejudicial statement.
>
> l. At the conclusion of the arguments the court shall allow the parties an opportunity, outside the presence of the jury and on the record, to make any objections they may have to the content or manner of the other party's argument based upon existing law and to request curative instructions. This rule does not limit the right of any party under existing law to make appropriate objections and to seek curative instructions at any other time during the closing argument process.

Minn.R.Crim.P. 26.03, subd. 11. This rule change applied to all trials commencing on or after March 14, 2000. The new rule differs from Minn.Stat. § 631.07 in that it provides a slightly more restricted right of rebuttal as well as limited surrebuttal.

Appellant challenges Minn.Stat. § 631.07 as unconstitutional based on division of powers:

> The powers of government shall be divided into three distinct departments: legislative, executive and judicial. No person or persons belonging to or constituting one of these departments shall exercise any of the powers properly belonging to either of the others except in the instances expressly provided in this constitution.

Minn. Const. art. III, § 1. Our supreme court has the authority to "regulate the pleadings, practice, procedure, and the forms thereof in criminal actions in all courts of this state, by rules promulgated by it from time to time." Minn.Stat. § 480.059, subd. 1 (1998). This authority, acknowledged by the legislature, arises from the court's inherent judicial powers. *Willis*, 332 N.W.2d at 184. Despite this recognized inherent power, the enabling legislation for the Rules of Criminal Procedure also purports to reserve to the legislature the right to "enact, modify, or repeal any statute or modify or repeal any rule of the supreme court adopted pursuant thereto." Minn.Stat. § 480.059, subd. 8 (1998).

But our supreme court has previously concluded that

> since the 1956 amendment to the Judiciary Article of the Minnesota Constitution removed the constitutional requirement that pleadings and proceedings be under the direction of the legislative body, under the separation of powers doctrine the legislature "has no constitutional authority in their enabling acts or otherwise to reserve a right to modify or enact statutes that will govern over court rules [of procedure] already in place."

*State v. Johnson*, 514 N.W.2d 551, 554 (Minn.1994) (quoting Maynard E. Pirsig & Randall M. Tietjen, *Court Procedure and the Separation of Powers in Minnesota*, 15 Wm. Mitchell L.Rev. 141, 182 (1989)).

This court has previously stated that "[w]hile the legislature creates law, it has no constitutional authority to modify or enact statutes that overrule court rules of procedure." *Lombardo v. Seydow–Weber*, 529 N.W.2d 702, 704–705 (Minn.App.1995) (citing *Johnson*, 514 N.W.2d at 553–54),

*review denied* (Minn. Apr. 27, 1995). In *Lombardo*, we went on to conclude that "[c]reation of court procedure is purely a judicial function." *Id.* at 705. As our supreme court has previously warned,

> if it is a judicial function that the legislative act purports to exercise, we must not hesitate to preserve what is essentially a judicial function.

*Sharood v. Hatfield*, 296 Minn. 416, 423, 210 N.W.2d 275, 279 (1973).

■ Recently, in *State v. Wolf*, 605 N.W.2d 381 (Minn.2000), our supreme court was faced with a conflict between a state statute and a rule of criminal procedure, both involving venue for a criminal trial. The court concluded, as a matter of comity, that to the extent the statute conflicted with the rule, it nevertheless could be applied in the circumstance presented:

> While retaining our inherent rule-making authority over the courts and their procedures, we have deferred to limited legislative involvement in procedural matters, however our deference is that of comity.

*Id.* at 387. We likewise defer to the legislature's enactment of § 631.07 here not as any acknowledgement of legislative authority but strictly as a matter of comity. We thus reject appellant's constitutional challenge.[2]

■ Finally, "[i]n matters of procedure rather than of substance, the Rules of Criminal Procedure take precedence over statutes to the extent there is any inconsistency." *State v. Cermak*, 350 N.W.2d 328, 331 (Minn.1984). This case is no different. Thus, courts should look to Minn. R.Crim.P. 26.03, subd. 11, as the final word on the right of rebuttal during closing argument, and the limited right of surrebuttal.

## II. Right to be Present

Appellant contends that he was wrongfully excluded from an in-chambers hearing regarding J.N.'s refusal to answer a question on cross-examination. The court determined that the name could be obtained from J.N.'s mother and decided to let the matter of contempt go. The name and phone number of the cousin was obtained and the cross-examination of J.N. proceeded without further incident. The defense chose not to call J.N.'s cousin as a witness. Then, during closing argument, the defense repeatedly characterized J.N.'s cousin as her "mysterious cousin," and attempted to use the fact that J.N. was unwilling to provide the cousin's first name to its advantage.

■ Under the Minnesota Rules of Criminal Procedure, criminal defendants have a right to be present at every stage of their trial. Minn.R.Crim.P. 26.03, subd. 1; *State v. Ware*, 498 N.W.2d 454, 457 (Minn.1993). The right to be present under this rule is broader than the federal constitutional right to be present at all critical stages of trial. *Id.* A defendant may waive the right to be present, but the "decision to waive is a decision not for counsel to make but a personal decision for defendant to make after consultation with counsel." *Id.* Here, there was no evidence of waiver.

■ While appellant can make a reasonable argument for error here, we need not reach the question of whether the court erred. Even if a defendant's right to be present is violated, "the defendant is not entitled to relief if it can be said that the error was harmless error beyond a reasonable doubt." *Id.* at 457–58.

■ In performing harmless error analysis, we must examine the record as to whether the evidence against the defen-

---

**2.** It is worth noting that the prosecution's rebuttal argument was very limited, consisting of less than two pages of transcript, and appellant does not allege that anything specifically argued by the respondent in rebuttal

was inflammatory or otherwise objectionable. Appellant asserts in its brief to this court only that allowing the prosecution "the last word * * * contributed to the verdict against him." But appellant offers no support for this claim.

dant was overwhelming, the strength of the defense's evidence, what the defendant would have contributed to his defense if he had been present, and whether an appropriate cautionary instruction was given. *See State v. Bolte,* 530 N.W.2d 191, 198–99 (Minn.1995) (listing factors of harmless error analysis); *State v. Bouwman,* 354 N.W.2d 1, 8 (Minn.1984) (defendants have right to be personally present at every stage of the trial "where their presence relates to the fullness of their opportunity to defend against the charge") (citation omitted).

 The paramount issue at trial was whether or not appellant was in possession of a firearm. J.N.'s cousin was relevant only to the location of the cigarette box which contained some .22 caliber bullets on the day of appellant's arrest. This evidence was only a small piece of the state's substantial circumstantial case. "In our analysis, we look to the record as a whole." *State v. Juarez,* 572 N.W.2d 286, 292 (Minn.1997).

 Here the evidence against appellant was significant, if not overwhelming. The court concluded it was unnecessary to give a curative instruction, given that the name of the cousin was readily provided by J.N.'s mother. The district court has "broad discretion" to fashion appropriate curative instructions. *Poston v. Colestock,* 540 N.W.2d 92, 94 (Minn.App. 1995), *review denied* (Minn. Jan. 25, 1996). The court's decision not to give a curative instruction in this case was a permissible exercise of that discretion.

It is highly doubtful that the court's in-chambers attempt to get J.N. to provide the first name of her cousin without the presence of appellant was a factor in appellant's conviction. Appellant has not offered any theory regarding what appellant would have contributed to his defense had he been present in chambers. Because there is no reasonable probability of a verdict more favorable to appellant if he had been present in chambers, any viola-

tion of appellant's right to be present was harmless beyond a reasonable doubt.

## III. Sufficiency of the Evidence

Appellant challenges his conviction for unlawful possession of a firearm in violation of Minn.Stat. § 624.713, subd. ·1(b) (1998). Appellant claims the state presented insufficient evidence to support the jury's verdict.

 Where a claim of insufficiency of the evidence is made, the reviewing court's function is limited to

ascertaining whether, given the facts in the record and the legitimate inferences that can be drawn from those facts, a jury could reasonably conclude that the defendant was guilty of the offense charged.

*State v. Johnson,* 568 N.W.2d 426, 435 (Minn.1997) (citation omitted). The evidence must be viewed in a light most favorable to the conviction and the reviewing court must assume that the jury believed the state's witnesses and disbelieved any contradictory evidence. *Id.*

 Appellant contends that the state's case was built entirely on circumstantial evidence. A conviction based entirely on circumstantial evidence merits stricter scrutiny than convictions based in part on direct evidence. *State v. Jones,* 516 N.W.2d 545, 549 (Minn.1994). Despite this stricter standard of review, however, a jury is in the best position to evaluate circumstantial evidence, and its verdict must be given due deference. *State v. Webb,* 440 N.W.2d 426, 430 (Minn.1989). In cases based on circumstantial evidence, "[a]s in all cases, the jury determines the credibility and weight given to the testimony of individual witnesses." *State v. Bias,* 419 N.W.2d 480, 484 (Minn.1988) (citations omitted).

[A] conviction based on circumstantial evidence will be upheld and such evidence is entitled to as much weight as any other kind of evidence, so long as a detailed review of the record indicates

that the reasonable inferences from such evidence are consistent only with the defendant's guilt and inconsistent with any rational hypothesis except that of guilt. Inconsistencies in the state's case or possibilities of innocence do not require reversal of a jury verdict so long as the evidence taken as a whole makes such theories seem unreasonable. Thus, *to succeed in a challenge to a verdict based on circumstantial evidence, a convicted person must point to evidence in the record that is consistent with a rational theory other than guilt.*

State v. Ostrem, 535 N.W.2d 916, 923 (Minn.1995) (citations omitted) (emphasis added).

■ The state may obtain a conviction for violation of Minn.Stat. § 624.713, subd. 1(b), by establishing either actual or constructive possession. *State v. Loyd,* 321 N.W.2d 901, 902 (Minn.1982). In order to prove constructive possession, the state must show: (a) that the police found the item in a place under defendant's exclusive control to which other people did not normally have access, or (b) that, if police found the item in a place to which others had access, there is a strong probability, inferable from the evidence, that defendant was consciously exercising dominion and control over it at the time. *State v. Florine,* 303 Minn. 103, 105, 226 N.W.2d 609, 611 (1975). Proximity is an important factor in establishing constructive possession. *See, e.g., State v. Cusick,* 387 N.W.2d 179, 181 (Minn.1986) (holding evidence of constructive possession by driver sufficient where cocaine was found next to driver's wallet on ground near vehicle, even though vehicle's owner testified that the cocaine was hers).

■ The circumstantial evidence against appellant is substantial. "Deciding the credibility of witnesses is generally the exclusive province of the jury." *State v. Doppler,* 590 N.W.2d 627, 635 (Minn.1999) (citations omitted). Here, the jury likely believed the testimony of J.N. and the law enforcement officers; in fact, the review-

ing court must make this assumption. *Johnson,* 568 N.W.2d at 435. "A conviction can rest on the uncorroborated testimony of even a single credible witness." *State v. Head,* 561 N.W.2d 182, 188 (Minn. App.1997) (citation omitted), *review denied* (Minn. May 28, 1997).

■ The defense called no witnesses. Appellant has failed to point to any evidence in the record that is consistent with a rational theory other than guilt. The evidence is sufficient for a reasonable jury to find appellant guilty beyond a reasonable doubt. Appellant's sufficiency of the evidence claim is without merit.

## IV. Respondent's Motion to Strike

Respondent filed a motion to strike a portion of appellant's brief on the ground that it refers to matters outside the record on appeal. The request refers specifically to an article from the Star Tribune in the brief's appendix, and the citation made to it in appellant's brief.

■ The general rule is that this court will not consider evidence outside the record. *Fabio v. Bellomo,* 489 N.W.2d 241, 246 (Minn.App.1992), *aff'd,* 504 N.W.2d 758 (Minn.1993). The record on appeal is comprised of "[t]he papers filed in the trial court, the offered exhibits, and the transcript of the proceedings, if any." Minn.R.Crim.P. 28.02, subd.8. A reviewing court "cannot base its decision on matters outside the record on appeal and any matters not part of the record must be stricken." *Mitterhauser v. Mitterhauser,* 399 N.W.2d 664, 667 (Minn.App.1987).

■ We conclude that this newspaper article is not offered either as evidence, nor to establish facts outside the record. We find no justification for striking the newspaper article or citations to it. *See State v. Rewitzer,* 617 N.W.2d 407, 411 (Minn.2000) (declining to strike reference to materials the court could have discovered on its own, in the course of its own research).

## DECISION

Minn.Stat. § 631.07 is not unconstitutional. The district court properly granted the prosecution's request for rebuttal. Any error in failing to include appellant in the in-chambers hearing was harmless. Appellant's conviction is supported by the evidence.

**Affirmed.**