*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1349**

State of Minnesota,
Respondent,

vs.

Giavonte Dominique Foulks,
Appellant.

**Filed July 20, 2015
Affirmed
Reilly, Judge**

Anoka County District Court
File No. 02-CR-13-5402

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Anthony C. Palumbo, Anoka County Attorney, Jon C. Audette, Anoka, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Susan J. Andrews, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Hooten, Presiding Judge; Halbrooks, Judge; and Reilly, Judge.

## U N P U B L I S H E D   O P I N I O N

**REILLY**, Judge

Appellant Giavonte Foulks challenges his felony conviction of theft of a motor vehicle, arguing that the district court erred in denying his presentence motion to

withdraw his guilty plea. Because the district court carefully considered appellant's motion and did not abuse its discretion, we affirm.

## FACTS

On August 3, 2013, appellant was "hanging out smoking marijuana" with his friends, D.U. and J.F. Appellant asked D.U. if he could borrow his car to sell drugs and D.U. refused. Appellant then took D.U.'s car without permission and drove away. D.U. and J.F. tried to call appellant on his cell phone but it had been shut off. Two days later, D.U. reported the theft to the police. D.U. told the police that he withheld permission for appellant to drive his car because appellant did not have a valid driver's license and the car was not insured. D.U. later learned that appellant crashed the car. The state charged appellant with one felony count of theft of a motor vehicle in violation of Minn. Stat. §§ 609.52, subd. 2(a)(17), 609.52, subd. 3(3)(d)(v), 609.101 (2012).

Appellant entered a plea of guilty to the crime as charged and the state agreed to a Minnesota Sentencing Guidelines disposition, with a potential departure to probation if appellant sought chemical dependency treatment. Appellant acknowledged in the plea petition that he had been charged with the crime of motor vehicle use without consent and understood that the maximum penalty the district court could impose for the crime was five years. The district court judge then engaged in the following exchange with appellant regarding the factual basis for the plea:

> Q: And you had a car?
> A: Yes.
> Q: Whose car was that?
> A: [D.U.]
> . . .

Q: Okay. Did he give you permission to take his car?
A: It's like he gave me – I guess I had the car longer than I was supposed to.
Q: Okay. And so you were supposed to have that car back to him; is that right?
A: Yes.
Q: But you held on to it?
A: Yes.
Q: Kept it without his permission?
A: Yes.
Q: And for those reasons you would agree that you were at that point in fact stealing it; true?
A: Yes, sir.

The district court concluded that appellant understood his rights, waived those rights, and admitted facts establishing that he was guilty of the offense. The district court advised appellant that in order to "stay out of prison," he was expected to be successful in treatment, remain "completely law-abiding," cooperate with a presentence investigation, and appear for the sentencing hearing.

The presentence investigation report later revealed that appellant did not contact corrections or cooperate in the presentence investigation process. Appellant did not provide proof that he had entered into a treatment program as required by the plea agreement. Appellant also incurred a new charge in January 2014 for a vehicle-related offense. Probation recommended a presumptive commitment to the commissioner of corrections for a period of 23 months, with a sentence range of 20 to 27 months. When appellant failed to appear for sentencing, the state indicated that it was no longer willing to go along with a departure because appellant failed to cooperate with the court's orders. Appellant was later arrested on the resulting warrant and appeared for sentencing.

During the same time period, D.U. gave a statement to an investigator with the public defender's office in which he clarified that he gave appellant permission to drive his car "for the day," but appellant failed to return the car in a timely manner. Appellant sought to withdraw his guilty plea in light of D.U.'s statement "recanting the allegations" that appellant took his vehicle without permission. The district court denied the motion and imposed a 23-month prison sentence. This appeal followed.

## D E C I S I O N

Appellant claims that the district court abused its discretion by denying appellant's presentence motion to withdraw his guilty plea. A defendant does not have an absolute right to withdraw a guilty plea. *State v. Raleigh*, 778 N.W.2d 90, 93 (Minn. 2010). The decision of whether to withdraw a presentence guilty plea is left to the sound discretion of the district court and will be reversed only in the "rare case" in which the district court abused that discretion. *Kim v. State*, 434 N.W.2d 263, 266 (Minn. 1989).

A defendant is permitted to withdraw a guilty plea before sentencing if "it is fair and just to do so." Minn. R. Crim. P. 15.05, subd. 2. A district court considers two factors under this standard: the reasons the defendant advances to support withdrawal of the guilty plea, and whether granting the motion prejudices the state. *Id*. Underlying this rule is the principle that "giving a defendant an absolute right to withdraw a plea before sentence would undermine the integrity of the plea-taking process." *Kim*, 434 N.W.2d at 266.

Under the first factor, the defendant bears the burden of advancing reasons to support a plea withdrawal. *Raleigh*, 778 N.W.2d at 97. Appellant argued that D.U.

4

recanted the theft allegation, providing appellant with a defense to the charge. In its written findings, the district court considered D.U.'s statement that he gave appellant permission to use the car if appellant was "gonna be back today." The district court noted D.U.'s statement to the investigator that:

> A: [I]t had been about a day, I went home, went to bed and then I woke up and then called him, his phone was off – his phone was off – I had actually tried calling him, his phone was off, he wasn't answering anybody's phone calls and then I guess he was on his way back to brin[g]ing the car to me when he crashed it.
> . . . .
> Q: and he just – he asked to take the car?
> A: Yep, and I said 'Yeah if you're gonna be back today.'

Based on its review of the record, the district court concluded that D.U.'s statement was "consistent with the factual basis" set forth by appellant. And appellant acknowledged during the plea hearing that he "had the car longer than [he] was supposed to" and "held on to it" without D.U.'s permission. The district court asked appellant if he would agree "that [he was] at that point in fact stealing it," and appellant answered, "Yes, sir." The record establishes a factual basis for appellant's guilty plea.

Moreover, Minnesota courts are generally hesitant to allow a defendant to withdraw a guilty plea based upon a victim's recantation. *See, e.g.*, *State v. Tuttle*, 504 N.W.2d 252, 256-57 (Minn. App. 1993) (determining that victim's recantation of charge did not entitle defendant to withdraw guilty plea under the fair-and-just standard on grounds that plea was based on mistaken belief of strength of state's case); *State v. Risken*, 331 N.W.2d 489, 490 (Minn. 1983) (holding that district court did not err in accepting guilty plea despite witness's recanted testimony because there was a sufficient

factual basis for defendant's guilty plea). The evidence in the record, along with appellant's own admission of guilt, provided a valid factual basis for the district court's decision.

With respect to the second prong, appellant argues that the state did not claim it would be prejudiced if the district court allowed appellant to withdraw his guilty plea. "The [s]tate bears the burden of showing prejudice caused by withdrawal of a plea." *Raleigh*, 778 N.W.2d at 97. Here, the district court did not address any possible prejudice to the state. But even where the state is not prejudiced, "a district court may deny plea withdrawal under rule 15.05, subdivision 2, if the defendant fails to advance valid reasons why withdrawal is fair and just." *State v. Cubas*, 838 N.W.2d 220, 224 (Minn. App. 2013), *review denied* (Dec. 31, 2013). The district court found that appellant did not satisfy his burden of showing that it was fair and just to allow him to withdraw his plea. As such, the district court did not need to reach the issue of prejudice to the state.

In his pro se supplemental brief, appellant included a notarized letter written by D.U. supporting appellant's plea-withdrawal request. The state objects to consideration of the letter, arguing that this court cannot consider matters outside the record on appeal. We agree. This court generally does not consider evidence outside the record on appeal in reaching a decision. *State v. Breaux*, 620 N.W.2d 326, 334 (Minn. App. 2001). The record on appeal includes the papers filed in the district court, any exhibits, and the transcript of the proceedings. *Id*. (quotation omitted). D.U.'s letter was not filed in district court or considered by the district court judge and we therefore do not consider it.

**Affirmed.**