*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1501**

State of Minnesota,
Respondent,

vs.

Jeffrey Andrew Matiatos,
Appellant.

**Filed August 22, 2016
Affirmed; motion denied
Peterson, Judge**

Ramsey County District Court
File No. 62-VB-15-515

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Samuel J. Clark, St. Paul City Attorney, Ivars P. Krievans, Assistant City Attorney, St. Paul, Minnesota (for respondent)

Jeffrey Andrew Matiatos, St. Paul, Minnesota (pro se appellant)

Considered and decided by Bjorkman, Presiding Judge; Peterson, Judge; and Rodenberg, Judge.

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

Appellant challenges the City of St. Paul's parking ordinance as unconstitutionally vague and argues that the district court erred by refusing to consider his request for a declaratory judgment. We affirm, and we deny appellant's motion to strike.

# FACTS

On December 24, 2014, at about 1:20 a.m., David Sawacke, a parking-enforcement officer for the City of St. Paul, was patrolling near 1029 Hazelwood Street when he saw "a vehicle that was noticeably further away from the curb than the rest that were on the street." The car belonged to appellant Jeffrey Andrew Matiatos. Sawacke measured the distance from the car's tire to the curb with a tape measure, discovered that the car was parked almost 23 inches from the curb, and took pictures of the measurement showing the distance from the curb. Sawacke issued a citation to Matiatos for violating St. Paul, Minn., Legislative Code (SPLC) § 157.06(a) (2011), which prohibits parking a vehicle more than 12 inches from "the edge of the roadway."

At the court trial, Sawacke testified, "There's a city ordinance saying that you have to be parked within a foot of a curb. And this vehicle I could tell before measuring it that it was over a foot." On cross-examination, when asked whether the ordinance required a vehicle to be parked within 12 inches of the roadway's edge, Sawacke testified, "It's to my knowledge that it's within 12 inches of the curb, not the roadway." In his summation, Matiatos argued that the ordinance referred to "the edge of the roadway," which he interpreted as meaning from the edge of the asphalt but not including the 23-inch cement gutter. The district court found Matiatos guilty of violating the ordinance.

Matiatos appeals from the verdict and moves this court to strike the city's brief for mischaracterizing testimony and the language of the city ordinance.

**D E C I S I O N**

**I.**

Before trial, the district court denied Matiatos's motion for a judgment declaring the parking ordinance unconstitutional. A person "whose rights, status, or other legal relations are affected by a . . . municipal ordinance . . . may have determined any question of construction or validity arising under the . . . ordinance" through a declaratory judgment. Minn. Stat. § 555.02 (2014). The statute does not specifically forbid or approve the use of declaratory judgments in criminal actions, but "[t]he court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." Minn. Stat. § 555.06 (2014). The district court properly exercised its discretion in refusing to issue a declaratory judgment; based on its ultimate decision, the district court did not consider the ordinance to be unconstitutional, and a declaratory judgment that the ordinance was not unconstitutional would not have terminated the proceeding.

**II.**

Matiatos argues that SPLC § 157.06(a) is unconstitutionally vague. The ordinance states:

> *Parallel to curb, except where marked.* No person shall stand or park a vehicle in a roadway other than parallel with the edge of the roadway, headed in the direction of traffic, with the curbside wheels of the vehicle within twelve (12) inches of the edge of the roadway, and in a manner that does not block another vehicle from entering or exiting a legal parking spot, except where marks or signs on the streets indicate that cars shall be parked at an angle.

SPLC § 157.06(a). Matiatos argues that the phrase "the edge of the roadway" is ambiguous because it fails to inform whether the "edge of the roadway" relates to the entire width of the road or to the asphalt-surfaced area, excluding the cement curb and gutter.

"A city ordinance is presumed constitutional, and the burden of proving that it is unconstitutional is on the appellant[]." *McCaughtry v. City of Red Wing*, 831 N.W.2d 518, 522 (Minn. 2013) (quotation omitted). A criminal law is unconstitutionally vague if it fails "to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits" or if it "authorize[s] and even encourage[s] arbitrary and discriminatory enforcement." *State v. Rourke*, 773 N.W.2d 913, 917 (Minn. 2009).[1] But "[t]he use of somewhat general language in a statute also does not render it vague." *State v. Christie*, 506 N.W.2d 293, 301 (Minn. 1993). The United States Supreme Court explained:

> The root of the vagueness doctrine is a rough idea of fairness. It is not a principle designed to convert into a constitutional dilemma the practical difficulties in drawing criminal statutes both general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that certain kinds of conduct are prohibited.

*Colten v. Kentucky*, 407 U.S. 104, 110, 92 S. Ct. 1953, 1957 (1972).

The ordinance here is entitled "Parallel to curb, except where marked." SPLC § 157.06(a). The body of the ordinance says that a person must park "parallel with the edge of the roadway," and "the curbside wheels of the vehicle [must be] within twelve (12) inches of the edge of the roadway." *Id.* The ordinance uses the phrase "[p]arallel to curb"

---

[1] A petty misdemeanor, such as this parking offense, is not a crime. *See* Minn. Stat. § 609.02, subd. 4a (2014). But petty misdemeanors are governed by the same procedural rules as those in misdemeanor cases. Minn. R. Crim. P. 23.05, subd. 3.

4

in the title and "parallel with the edge of the roadway," in the text of the ordinance more or less interchangeably. *Id.*

As the Supreme Court acknowledged in *Colten*, a criminal statute must "take into account a variety of human conduct." 407 U.S. at 110, 92 S. Ct. at 1957. The St. Paul parking ordinance must deal with a variety of roads and must be broad enough to cover both roads with curbs and roads without curbs, while giving a fair warning of the prohibited conduct. The ordinance does not include a definition of roadway, but the generally understood definition is "[a] road, especially the part over which vehicles travel." *The American Heritage Dictionary of the English Language* 1559 (3d ed. 1992). On a road with curbs, vehicles are permitted to travel over the entire surface between the curbs regardless of whether the surface changes from asphalt to cement at the gutter.

The standard for void-for-vagueness challenges is lower when constitutionally protected rights are not involved. *State, City of Minneapolis v. Reha*, 483 N.W.2d 688, 691-92 (Minn. 1992). "[S]crutiny is more demanding when a defendant challenges a statute implicating fundamental constitutionally protected activity, such as speech and assembly, versus a statute prohibiting conduct that is constitutionally within the power of the state to punish, such as blocking sidewalks or damaging property." *State v. Campbell*, 756 N.W.2d 263, 269 (Minn. App. 2008), *review denied* (Minn. Dec. 23, 2008). When "most reasonable people" can agree on the meaning of a statute, a degree of certainty exists. *Reha*, 483 N.W.2d at 692. Most reasonable people would agree that the parking ordinance directs drivers to park in a manner that does not impede travel; Matiatos's argument that he is permitted to park three feet from the curb is unreasonable.

SPLC § 157.06(a) provides a reasonable person with a fair warning of the conduct that is prohibited and, thus, is not unconstitutionally vague.

**III.**

Matiatos's motion to strike portions of the city's brief was referred to this panel. Matiatos argues that the city improperly summarized Sawacke's testimony by saying he "noticed a vehicle . . . more than (12) inches away from the edge of the roadway," rather than quoting his testimony that it was more than 12 inches from the curb. He also objects to the use of the word "or," when the city argues that the "edge of the roadway" or "the curb" are synonymous. Matiatos claims that the city is misleading the court by mischaracterizing testimony and adding a conjunction to the ordinance.

Generally, a motion to strike is granted when a party seeks to add materials that are outside of the appellate record. *See* Minn. R. Crim. P. 28.02, subd. 8 (defining the appellate record to include "documents filed in the district court, the offered exhibits, and the transcript of the proceedings"); *State v. Breaux*, 620 N.W.2d 326, 334 (Minn. App. 2001) (stating that appellate court may not base its decision on matters not contained in appellate record). Matiatos seeks to strike arguments that he says are improper and not based on the appellate record.

Sawacke's testimony is part of the appellate record, and this court relies on the transcript of testimony and on the language of the ordinance, not the manner in which a party characterizes testimony or the ordinance. In general, we will not grant a motion to strike unless there is a flagrant violation of an appellate rule. *See Brett v. Watts*, 601 N.W.2d 199, 202 (Minn. App. 1999) (refusing to strike statements in brief that did not

include citations to record), *review denied* (Minn. Nov. 17, 1999).  We observe no such flagrant violation.

**Affirmed; motion denied.**